LARRY H. STEWART, EMPLOYEE v. NORTH CAROLINA DEPART-MENT OF CORRECTIONS, EMPLOYER, SELF-INSURED

No. 7611IC82

(Filed 16 June 1976)

1. **Master and Servant § 56— accident arising out of course and scope of employment**

    To be compensable under the Workmen's Compensation Act, an accident must arise out of the course and scope of employment, and where the fruit of certain labor accrues either directly or indirectly to the benefit of an employer, employees injured in the course of such work are entitled to compensation. G.S. 97-1 *et seq.*

2. **Master and Servant § 56— act outside normal duties — performance at direction of superior — compensability for injury**

    When a superior directs a subordinate employee to go on an errand or to perform some duty beyond his normal duties, the scope of the Workmen's Compensation Act expands to encompass injuries sustained in the course of such labor; moreover, the order need not be couched in the imperative, but it is sufficient for compensation purposes that the suggestion, request or even the employee's mere perception of what is expected of him under his job classification, serves to motivate undertaking an injury producing activity.

3. **Master and Servant § 56— act outside normal duties — performance at direction of superior — compensability for injury**

    The Industrial Commission correctly found that plaintiff's employer benefited from plaintiff's help in building a shed, the building was undertaken at the behest of plaintiff's superior officer, and plaintiff's injury sustained during that activity was compensable under the Workmen's Compensation Act, even though the activity took place during plaintiff's off hours and was not one of the regular duties of his employment.

APPEAL by defendant from opinion and award of the Industrial Commission. Order entered 6 November 1975. Heard in the Court of Appeals 11 May 1976.

Stewart v. Dept. of Corrections

Plaintiff filed this claim under the provisions of the Workmen's Compensation Act. The parties stipulated that they were bound by the act, that the employer-employee relationship existed between the parties, plaintiff's average weekly wage, his disability rating, and that the only issue is whether there was an injury by accident arising out of and in the course of plaintiff's employment with defendant on 20 October 1973.

The case was heard by a deputy commissioner who found and concluded that while plaintiff's injury by accident arose out of his employment, his injury did not arise in the course of his employment. Plaintiff appealed to the full commission.

Pertinent findings of fact made by the full commission, to which defendant made no exception, are summarized (unless quoted) as follows:

On 20 October 1973 plaintiff was employed by defendant as a correctional law officer at the Harnett County Youth Center. His general duties involved the supervising of inmates, either in dormitories or in fence-control towers. Plaintiff's immediate supervisor was a shift lieutenant who was answerable to the captain of the center, Otis Temple. While plaintiff did not work directly under the supervision of Captain Temple, the captain was one of his supervisors.

On 19 October 1973, just before plaintiff finished his 2:00-10:00 p.m. shift, Captain Temple asked plaintiff if he would come the following day during his off hours and help on a project involving the building of a shelter for a picnic area. Building the shelter was not one of the regular duties of plaintiff and no pressure was put on him by the captain; however, plaintiff agreed to help because he was asked to do so by his superior.

The project included tearing down a house which belonged to one William Byrd but had been given to the State. The material obtained was to be transported to State-owned land some one-half mile from the youth center and was to be used in building a shelter for a picnic area. Plaintiff did not originate the idea for the project but learned of it from Captain Temple, the organizer of the effort.

"The shelter was to be used for the benefit of both the employees of the Youth Center and the inmates. It was intended that both the employees and the inmates, some of whom were

entitled to work release privileges, would use the area for cookouts. It was anticipated that the morale of the employees and inmates would be improved thereby making the job of running the Youth Center easier. The State would therefore benefit indirectly by the completion of this project."

On 20 October 1973 plaintiff drove his own vehicle to the Byrd property. Other employees of the youth center were at the site, some of whom had arrived in State vehicles. At the time of his injury, plaintiff was on the roof of the house. A chimney collapsed over plaintiff, causing him to fall from the roof landing in the bed of a truck with bricks from the chimney falling on top of him.

The commission found as a fact and concluded as a matter of law that plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant. From an award in favor of plaintiff, defendant appealed.

*Teague, Johnson, Patterson, Dilthey & Clay, by Robert M. Clay, for plaintiff appellee.*

*Attorney General Edmisten, by Associate Attorney Elisha H. Bunting, Jr., for defendant appellant.*

BRITT, Judge.

Defendant assigns as error the finding of fact and conclusion of law that the accident causing plaintiff's injury arose out of and in the course of his employment. We find no merit in the assignment.

[1] To be compensable an accident must arise out of the course and scope of employment. *Loflin v. Loflin,* 13 N.C. App. 574, 186 S.E. 2d 660 (1972), *cert. denied,* 281 N.C. 154, 187 S.E. 2d 585 (1972). Where the fruit of certain labor accrues either directly or indirectly to the benefit of an employer, employees injured in the course of such work are entitled to compensation under the Workmen's Compensation Act. G.S. 97-1 et seq. *Clark v. Burton Lines,* 272 N.C. 433, 158 S.E. 2d 569 (1968).

[2] This result obtains especially where an employee is called to action by some person superior in authority to him. Here, Captain Temple, four grades higher up the chain of command, suggested to plaintiff that he participate in tearing down the old house. It appears clear that when a superior directs a

subordinate employee to go on an errand or to perform some duty beyond his normal duties, the scope of the Workmen's Compensation Act expands to encompass injuries sustained in the course of such labor. Were the rule otherwise, employees would be compelled to determine in each instance and, no doubt at their peril, whether a requested activity was beyond the ambit of the act. *See* 1 A. Larson, Law of Workmen's Compensation § 27.40 (1972).

The order or request need not be couched in the imperative. It is sufficient for compensation purposes that the suggestion, request or even the employee's mere perception of what is expected of him under his job classification, serves to motivate undertaking an injury producing activity. So long as ordered to perform by a superior, acts beneficial to the employer which result in injury to performing employees are within the ambit of the act. *Aldridge v. Foil Mtr. Co.*, 262 N.C. 248, 136 S.E. 2d 591 (1964). *See e.g., Hales v. North Hills Construction Co.*, 5 N.C. App. 564, 169 S.E. 2d 24 (1969) (by implication), *cert. denied* (7 October 1969).

[3] We feel the full commission correctly found that the work benefited plaintiff's employer and was undertaken at the behest of plaintiff's superior officer. Our own analysis of the record supports the commission's findings and conclusions. Where the findings of the commission are supported by competent evidence, they are conclusive on appeal. G.S. 97-86, *McMahan v. Hickey's Supermarket*, 24 N.C. App. 113, 210 S.E. 2d 214 (1974).

For the reasons stated, the opinion and award of the commission is

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.