### 22328

Jacob R. SELLERS (Now Deceased) Mrs. Elizabeth C. Sellers, Widow, Appellant, v. DANIEL CONSTRUCTION COMPANY, Employer, and Fidelity and Guaranty Insurance Underwriters, Carrier, Respondents.

(330 S. E. (2d) 305)

Supreme Court

*H. Ray Ham,* of *Ham and Richardson,* Columbia, *for appellant.*

*Robert A. McKenzie,* of *Rogers, McDonald, McKenzie, Fuller and Rubin,* Columbia, *for respondents.*

Heard April 22, 1985.

Decided May 17, 1985.

LITTLEJOHN, Chief Justice:

In this Worker's Compensation case, the claimant-appellant employee, Jacob R. Sellers, injured his back while at work on April 4, 1978. On February 20, 1981, the Industrial Commission found the employee totally disabled because of the injury and awarded him total disability compensation in the amount of $172.00 per week for 500 weeks plus medicals. The award was not appealed. On April 12, 1981, the employee died of cancer. Counsel for both parties agree that his death was completely unrelated to his back injury.

On July 21, 1981, the Hearing Commissioner issued an order providing for a lump sum payment to the claimant's widow. In that order, the Commissioner found that § 42-9-100 of the South Carolina Code of Laws (1976) was applicable so as to limit the total amount of compensation to $40,000. The full Commission and Circuit Court affirmed his order. The employee's widow appeals submitting that the repeal of § 42-9-100 as of May 19, 1978, entitles her to additional compensation because the final award was made and became payable after the effective date of the repeal. We agree with the Industrial Commission and the Circuit Court and affirm.

Section 42-9-100, before its repeal, an effective part of █ █ every employment contract governed by the Worker's

Compensation Act. While it existed, the statute operated to limit the total amount of compensation to be paid to an injured employee. The statute was controlling on the date of the employee's injury, but was repealed prior to the Commissioner's award of total disability benefits. The Worker's Compensation Act is concerned with substantive rights and liabilities of the employee and employer. *Hamilton v. Daniel Intern Corp.*, 273 S. C. 409, 257 S. E. (2d) 157 (1979). The employee's right to compensation benefits accrued on the date of his injury. The liability of the employer and the rights of the worker were limited to the maximum amount under the law existing on that date. An amendment to the Act subsequent to the injury does not operate to deprive either party of substantive rights fixed as of the date of injury. The date of the Commissioner's final award is of no consequence. We quote with approval the language of *Grigsby v. Industrial Commission*, 76 Ill. (2d) 528, 31 Ill. Dec. 796, 394 N.E. (2d) 1173 (1979):

> The law in effect at the time of the injury governs the rights of the parties and not the law effective at the time the award is made ...

The ruling of the Industrial Commission and trial judge limiting the total amount of compensation to $40,000 is hereby

Affirmed.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.