### 22759

James Lewis BARTLEY, Claimant, Appellant v. BARTLEY LOGGING COMPANY, Employer, and Palmetto Timber Group Fund, Carrier, Respondents.

(359 S. E. (2d) 55)

Supreme Court

*H. Brewton Hagood,* of *Rosen, Rosen & Hagood,* Charleston, *for appellant.*

*Charles E. Carpenter, Jr.* and *W. Hugh McAngus,* of *Richardson, Plowden, Grier & Howser,* Columbia, *for respondents.*

Heard Feb. 11, 1987.

Decided July 27, 1987.

LITTLEJOHN, Acting Associate Justice:

In this workers' compensation case, the hearing commissioner held that appellant was entitled to lifetime benefits. The full commission and the circuit court ruled that appellant was limited to 500 weeks of compensation.

Appellant became a paraplegic after being severely injured in a compensable logging accident on June 6, 1983. At the time of the injury, S. C. Code Ann. § 42-9-10 (1976, as amended) provided that the coverage period could not exceed 500 weeks. On May 31, 1984, this statute was amended to allow paraplegics to receive workers' compensation benefits for life. *See* 1984 S. C. Acts 1841. Appellant filed a Form 50 on August 14, 1984 seeking a determination that he was entitled to lifetime weekly compensation benefits by reason of the amendment.

After stipulating that no factual issues were involved, the parties submitted the case to the hearing commissioner to be decided based on the briefs. He held that the 1984 amendment of S. C. Code Ann. § 42-9-10 (1976, as amended) was remedial and therefore should be applied retroactively so as to allow appellant to receive workers' compensation benefits for life. The hearing commissioner relied primarily on the case of *Smith v. Eagle Construction Company,* 282 S. C. 140, 318 S. E. (2d) 8 (1984). The full commission reversed the single commissioner relying on our opinion in *Sellers v. Daniel Construction Company,* 285 S. C. 484, 330 S. E. (2d) 305 (1985), which was issued five days prior to the parties' oral arguments before the full commission.

Clearly, a claimant's right to compensation benefits accrues on the date of the injury, not on the date of the award. *Sellers, supra.* The liability of the employer and the rights of the claimant are limited to the maximum amount under the law as it exists on the date of the injury. The only way appellant can recover lifetime benefits for his injury, therefore, is to apply the 1984 amendment retroactively.

The general rule is that statutes are to be construed prospectively rather than retroactively absent a specific provision or a clear legislative intent to the contrary unless the statute is remedial or procedural in nature. *Boyd v. Boyd,* 277 S. C. 416, 289 S. E. (2d) 153 (1982); *Hercules, Inc. v. South Carolina Tax Commission,* 274 S. C. 137, 262 S. E. (2d) 45 (1980). We must determine, therefore, whether the 1984 amendment to S. C. Code Ann. § 42-9-10 (1976, as amended) was merely remedial in nature.

In *Sellers, supra,* the hearing commissioner, the full com-

mission and the circuit court held that a claimant was limited to the amount of compensation applicable under the statute as of the date of the injury. They held that the claimant was not entitled to a larger amount by reason of an amendment brought into being after the date of the injury. This Court affirming said:

> Section 42-9-100, was before its repeal, an effective part of every employment contract governed by the Workers' Compensation Act. While it existed, the statute operated to limit the total amount of compensation to be paid to an injured employee. The statute was controlling on the date of the employee's injury, but was repealed prior to the Commissioner's award of total disability benefits. The Workers' Compensation Act is concerned with substantive rights and liabilities of the employee and employer. *Hamilton v. Daniel Intern Corp.*, 273 S. C. 409, 257 S. E. (2d) 157 (1979). The employee's right to compensation benefits accrued on the date of his injury. The liability of the employer and the rights of the worker were limited to the maximum amount under the law existing on that date. An amendment to the Act subsequent to the injury does not operate to deprive either party of substantive rights fixed as of the date of injury. The date of the commissioner's final award is of no consequence. We quote with approval the language of *Grigsby v. Industrial Commission*, 76 Ill. (2d) 528, 31 Ill. Dec. 796, 394 N. E. (2d) 1173 (1979).

> The law in effect at the time of the injury governs the rights of the parties and not the law effective at the time the award is made ...

While the case at hand has much human appeal, it is inescapable that the obligation of an employer to pay grows solely out of statutory law. Except for the Workers' Compensation Act no benefits whatever would be paid except perhaps by reason of a common law tort action. Both the employer and its insurance carrier is entitled to plan expenditures including insurance premiums based on the law as it exists at the time of an injury. Inasmuch as the obligation to pay is contractual in nature, to require one to pay other than in keeping with the contract itself would violate the con-

stitutional provisions of both the state and federal government to the effect that contracts may not be impaired.

■■ We agree with the circuit court and with the full commission that the single commissioner erred in finding that the statutory amendment of 1984 was merely remedial as contrasted with substantive. If this amendment is not substantive in nature, it is difficult to envision an amendment which would be. The word "remedial" as used in the case refers to procedure rather than the right to collect some particular amount. There is nothing in the Act whatsoever to intimate that the Legislature meant for this amendment to be retroactive. Indeed it could not be retroactive without impairing contractual rights.

Reliance upon *Smith v. Eagle Construction Company, supra,* is misplaced. The amendment involved in that action simply required the continued maintenance of replacement of the prosthetic device to which the claimant was already entitled. The amendment was simply to maintain the status quo and was held by this Court to be remedial in nature.

The Order of the Circuit Court is

Affirmed.

GREGORY, CHANDLER and FINNEY, JJ., concur.

NESS, C. J., dissenting in separate opinion.

NESS, Chief Justice (dissenting):

I respectfully dissent. In my opinion, the statutory amendment was remedial in nature and therefore may be applied retroactively. I would reverse.

At the time of appellant's injury, the provisions of S. C. Code Ann. Section 42-9-10 (1976) provided benefits not to exceed 500 weeks. Approximately a year after appellant's injury, the statute was amended to permit lifetime benefits.

As a general rule, statutes are to be applied prospectively only unless the statute clearly indicates otherwise or unless the statute is remedial or procedural in nature. *Oehler v. Clinton,* 282 S. C. 25, 317 S. E. (2d) 445 (1984); *Schall v. Sturm, Ruger Company, Inc.,* 278 S. C. 646, 300 S. E. (2d) 735 (1983). A statutory amendment which affects the remedies which may be recovered for a particular wrong is remedial in nature and will be applied retroactively. *William C. Logan*

& *Associates v. Leatherman,* 290 S. C. 400, 351 S. E. (2d) 146 (1986) [amendment created a *new* remedy, and existing remedies were undisturbed].

The amendment in this case expanded an existing remedy and retroactive application should be permitted. *See,* e.g., *Bartlett v. Nationwide Mutual Fire Insurance Company,* 290 S. C. 154, 348 S. E. (2d) 530, 532 (Ct. App. 1986) ["decisions creating new remedies to vindicate existing rights are applied retro[actively]"].

The plurality's analysis of *Sellers v. Daniel Construction Company, supra,* is not inconsistent with this view. They cite the following from *Sellers* "the law in effect at the time of the injury governs the *rights* of the parties ..." (Emphasis added). In this case, we are not focusing on *rights,* but on *remedies* recoverable for existing *rights. Sellers,* therefore, is not controlling, but is consistent with my conclusion.

I would reverse.