## 24211

Ernest PARSONS, Appellant v. GEORGETOWN STEEL and Korf Industries, Employer/Self-Insurer, Respondents.

(456 S.E. (2d) 366)

Supreme Court

*Helen T. McFadden,* of *Jenkinson, Jenkinson & McFadden,* Kingstree, *for appellant.*

*Rebecca G. Fulmer, Arthur M. Flowers, Jr.,* and *Robert L. Widener,* all of *McNair & Sanford,* Columbia, *for respondents.*

Heard Jan. 4, 1995.

Decided Mar. 13, 1995.

BRIDGES, Acting Associate Justice:

Ernest Parsons (Parsons) appeals the circuit court's affirmance of the Workers' Compensation Commission's order denying payment for psychiatric treatment. We affirm.

## FACTS

Appellant Parsons was injured in a work-related accident on November 8, 1977. He was treated for a back injury and returned to work. He sought treatment again in 1982 and was evaluated upon the order of the Workers' Compensation Commission. Between June 1984 and March 1986, Parsons returned to work for Georgetown Steel. He stopped work in 1986 and began receiving temporary total benefits.

The single commissioner issued an order on June 19, 1991, finding that Parsons continued to be disabled from the work-related accident. The commissioner ordered respondents to continue paying benefits until Parsons reached maximum medical healing, or for so long as he may be entitled to receive such benefits pursuant to S.C. Code Ann. §§ 42-9-10 and 42-9-100 (1976).[1] The commissioner denied payment for psychiatric treatment because he did not find any emotional or psychiatric problem resulting from the compensable injury. The full commission upheld the determination of the single commissioner. On appeal, the circuit court affirmed the full commission. Parsons now raises three issues on appeal.

---

[1] Respondents terminated payment of temporary total benefits pursuant to § 42-9-100 when Parsons reached the maximum benefits of $40,000.

## ANALYSIS

1. Statutory Construction

On the date of Parsons' injury, S.C. Code Ann. § 42-9-100 (1976) specifically limited total disability compensation to $40,000. S.C. Code Ann. § 42-9-10 (1976) provided as follows:

> [w]hen the incapacity for work resulting from an injury is total, the employer shall pay, or cause to be paid, as provided in this chapter, to the injured employee during such total disability, *subject to the limitation of Section [42-9-100]*, a weekly compensation equal to sixty-six and two-thirds percent of his average weekly wages, but not less than twenty-five dollars a week nor more than two-thirds of the average weekly wage in this State for the preceding calendar year and in no case shall the period covered by such compensation exceed five hundred weeks.

(Emphasis added.) In 1978, after Parsons' injury, § 42-9-100 was repealed.

Parsons contends that at the time of his injury the $40,000 absolute cap under § 42-9-100 was in direct conflict with the 500-week maximum provided by § 42-9-10. Parsons asserts that the pre-accident adoption of the 500-week maximum statute coupled with the postaccident repeal of the $40,000 maximum statute indicates that the legislature intended to impose the 500-week limitation only. Parsons asserts that the $40,000 cap was implicitly repealed when the average weekly wage calculation and the 500-week limitation were adopted in Act. No. 1059, 1974 S.C. Acts 2265 because the legislature could not have meant there were two limitations on recovery.

We reject this argument. Where the terms of the relevant statute are clear, there is no room for construction. *State ex rel. McLeod v. Mills,* 256 S.C. 21, 180 S.E. (2d) 638 (1971). The explicit language of Act No. 1059 indicates that the General Assembly intended to provide an absolute dollar cap. When § 42-9-10 was amended to provide a cap based on a 50-week limitation, it expressly provided that it was subject to the $40,000 limitation in § 42-9-100. Act No. 1059, 1974 S.C. Acts 2265 § 1. Furthermore, the same Act increased the dollar limitation in § 42-9-100 from $25,000 to $40,000. Clearly, the legislature did not impliedly repeal the $40,000 limitation at the same time the weekly limitation was

made subject to the dollar cap and the level was being raised.

The limitation under § 42-9-100 was an effective part of every employment contract governed by the Workers' Compensation Act. *Sellers v. Daniel Constr. Co.*, 285 S.C. 484, 330 S.E. (2d) 305 (1985). Thus, the statute providing for an absolute dollar limitation of $40,000 was controlling on the date of Parsons' injury. The circuit court and Commission properly held that Parsons was entitled to benefits up to the maximum of $40,000. Accordingly, we affirm on this issue.

## 2. Sufficiency of Order

Parsons next contends that the Commission's order does not comply with the form and content required by the Administrative Procedures Act, S.C. Code Ann. § 1-23-380 (1986) on the issue of psychiatric expenses. Parsons alleges that the order merely restates the facts in statutory form and makes no reference to the ultimate facts on which the conclusions are based.

The findings of fact of an administrative body must be sufficiently detailed to enable the reviewing court to determine whether the findings are supported by the evidence. *Able Communications, Inc. v. South Carolina Public Service Commission*, 290 S.C. 409, 351 S.E. (2d) 151 (1986).

The commissioner provided the underlying facts in the order by summarizing Dr. Gagliano's medical testimony and opinion that Parsons did not have a diagnostic condition needing psychiatric treatment that was attributable to his accidental injury. He stated in his Findings of Fact: "I find that Claimant has no emotional or psychiatric problem that is attributable to or the result of the compensable injury he sustained to his back on November 8, 1977, while working for the Employer." Accordingly, the commissioner concluded that the respondents were not liable for any medical expenses associated with Parsons' emotional or psychiatric problems.

The circuit court found that the Commissioner's order included "concise, explicit statements of fact, preceded by a summary of what he considered to be the important events and testimony supporting such Findings of Fact." We agree. *Able Communications, supra.* This issue is without merit.

## 3. Substantial evidence

Parsons contends that Dr. Gagliano's testimony should not be given great weight because he was not the treating physician, was not informed initially that Parsons had a work-related injury, and did not have Parsons' prior records before him. Therefore, he asserts there is an absence of substantial evidence to support the conclusion that respondents are not liable for medical expenses related to Parsons' psychiatric treatment.

We disagree with Parsons' contention and find that the commissioner was entitled to give great weight to Dr. Gagliano's testimony as a matter of law and based on the facts in this case.

The credibility and weight of the doctor's testimony is for the trier of fact. *Chapman v. Foremost Dairies, Inc.*, 249 S.C. 438, 154 S.E. (2d) 845 (1967). The Supreme Court must affirm the factual findings of the Commission, affirmed by the circuit court, if substantial evidence supports the findings. *Mizell v. Raybestos-Manhattan, Inc.*, 281 S.C. 430, 315 S.E. (2d) 123 (1984).

Dr. Gagliano's statement that he had no knowledge initially that there was a workers' compensation case in progress does not necessarily equate to lack of knowledge of Parsons' work-related injury. Dr. Gagliano testified that he conducted a psychiatric assessment of Parsons and reviewed the Mental Health records prior to his third evaluation. He concluded that Parsons did not have a diagnosable psychiatric disorder based on his three examinations and a review of the records from the Mental Health Center. Conversely, there is no evidence in the record that the treating physician concluded in his medical opinion that Parsons' emotional problems resulted from his work-related back injury.

We find there was substantial evidence in the record supporting the Commission's finding that Parsons did not have emotional or psychiatric problems attributable to the compensable back injury.

Parsons also claims that the commissioner did not allow certain evidence from the Waccamaw Regional Mental Health Center. This issue is not preserved for review. *See Greenville Memorial Auditorium v. Martin*, 301 S.C. 242, 391 S.E. (2d) 546 (1990) (Failure to make proffer of excluded evidence precludes review on appeal). Parsons failed to specify the evi-

dence he contends was barred at the initial hearing, nor did he make a proffer of the excluded evidence.

For the foregoing reasons we

Affirm.

TOAL, Acting C.J., MOORE and WALLER, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.