24367

Linda S. RODNEY, Appellant/Respondent v. MICHELIN TIRE CORPO-RATION and Hartford Accident and Indemnity Company, Respondents/Appellants.

(466 S.E. (2d) 357)

Supreme Court

*Linda S. Rodney,* Greenville, *pro se.*

*William Shaugnessy,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for Respondents/Appellants.*

Heard Oct. 19, 1995.

Decided Jan. 22, 1996.

TOAL, Justice:

Linda Rodney appeals the circuit court's order affirming the workers' compensation commission's denial of her claim. Michelin Tire and Hartford Accident and Indemnity (collectively "Employer" hereinafter) also appeal alleging error in an evidentiary order by the circuit court.

## FACTUAL/PROCEDURAL HISTORY

Rodney was a substitute worker at Michelin Tire. She was trained for ten different jobs, substituting for other workers as needed. Rodney claims that she developed carpal tunnel syndrome while working at one of the jobs, the carcass verification post. This job required her to separate two layers of rubber in order to inspect the lower layer. She alleged that the carpal tunnel syndrome occurred either as a result of an injury by accident on October 25, 1989 or as a result of cumulative trauma. Her testimony was that while working one evening lifting and inspecting tire carcasses, she found that the layers of rubber were "sticking," making difficult her task of inspecting. Thereafter she developed numbness and tin-

gling in her hands; however, she continued to work her entire shift. In the next two months, as Rodney worked at her various jobs, her condition worsened. She visited medical personnel, but she did not inform her supervisor of any difficulty until December 1989.

In April 1990, Rodney filed a workers' compensation claim in which she alleged that she had developed bilateral carpal tunnel syndrome. She sought medical benefits, temporary compensation benefits for nine months, and permanent partial disability benefits. The workers' compensation commissioner denied the claim. Rodney appealed the denial and filed a motion to supplement the record. The full commission denied the motion. Rodney appealed the denial of the motion to the circuit court, and the circuit court ruled that the commission should consider additional evidence of a letter from Rodney's doctor. On remand, the commissioner denied the workers' compensation claim, and the full commission affirmed the denial. Rodney appealed to the circuit court which affirmed the commission's findings. Rodney now appeals the circuit court's order.

First she argues that the circuit court erred in "directing a verdict" for Employer because "the preponderance of the evidence" showed that her disability resulted from repetitive use of her hands; that she is partially permanently disabled, a disability which led to her loss of employment; and that she did testify to an untoward event or one-time traumatic incident that caused her injury. Second, Rodney contends that continued procedural errors by the adjudicators prevented her from perfecting a proper appeal, thereby prejudicing her case. We disagree and affirm the circuit court's order.

### LAW/ANALYSIS

#### A. Injury Arising out of Employment

The issues that Rodney raises in her first major argument are unpreserved. Arguments not raised to the workers' compensation commission or to the circuit court are not preserved for appeal. *Harbin v. Owens-Corning Fiberglas*, 316 S.C. 423, 450 S.C. S.E. (2d) 112 (Ct. App. 1994). Rodney alleged eight errors by the commission in her appeal to the circuit court. Although she cites a few of these errors in her brief, her present arguments address substantially different issues.

■ Even if it is assumed that the issues were preserved for appeal, Rodney failed on the merits. In order for an employee to be entitled to workers' compensation benefits, he must show that he sustained an "injury by accident arising out of and in the course of the employment." S.C. Code Ann. § 42-1-160 (1985). The phrase "arising out of" in the workers' compensation statute refers to the origin of the cause of the accident. *Bickley v. South Carolina Elec. & Gas Co.*, 259 S.C. 463, 192 S.E. (2d) 866 (1972). "An injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal relationship between the conditions under which the work is to be performed and the resulting injury." *Owings v. Anderson County Sheriff's Dep't*, 315 S.C. 297, 299, 433 S.E. (2d) 869, 871 (1993).

A review of the record reveals that Dr. Robert Broker, who examined Rodney in December 1989, documented in his medical notes: "Patient states this [pain in her hands] has been going on approximately 5-6 weeks. Started hurting after a long break. No actual[ ] time when this accident occurred." Further, he wrote that Rodney "thinks she might have just over worked her hands" and that he did not "feel there's any serious etiology at this time, other than possible carpal tunnel."

Dr. Kent Kistler examined Rodney later in the same month; his findings were compatible with "a median neuropathy at the level of the wrist or carpal tunnel with sensory fiber involvement only." In August 1990, Dr. L. Edwin Rudisill wrote in response to questions from Employer that "[a]lthough Ms. Rodney's symptoms began in October 1989 I do not feel they are related to a single event. I feel she has a cumulative trauma disorder in which her symptoms became apparent in October. It would be extremely unusual for a single event to lead to similar symptoms in both hands." He also indicated that Rodney had a 5% permanent partial impairment in each hand. In March 1991, Dr. Rudisill stated for the first time that Rodney's "condition did arise out of her employment."

Examining Rodney in December 1990, Dr. Joseph Hodge reported bilateral carpal tunnel syndrome involving the right and left upper extremities. In July 1992, Dr. Hodge's examination revealed that Rodney's condition was essentially un-

changed since the prior examination and that she could return to her regular job whether she chose to have surgery or not. Further, he wrote that based on the history and physical examination, Rodney's problems were worked related.

The record also contains testimony by an ergonomist who opined that the probability of one developing carpal tunnel syndrome is relatively low for a person in Rodney's position, given that she worked in various jobs, each of which involved different use of the hands.

Thus, there exists conflicting evidence in the record whether Rodney's injury arose as a result of her work, whether a causal relationship exists between the conditions under which the work was preformed and the resulting injury. *See Owings,* 315 S.C. at 299, 433 S.E. (2d) at 871. Rodney argues that "the preponderance of the evidence" shows that her injury was cause by her work. The standard of review on appeal, however, is not a "preponderance" standard, but rather a "substantial evidence" standard.

The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence. *Kearse v. State Health & Human Servs. Fin. Comm'n,* 318 S.C. 198, 456 S.E. (2d) 892 (1995). A court may not substitute its judgment for that of an agency as to the weight of the evidence on questions of fact unless the agency's findings are clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *Grayson v. Carter Rhoad Furniture,* 317 S.C. 306, 454 S.E. (2d) 320 (1995). Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached. *Gibson v. Florence Country Club,* 282 S.C. 384, 318 S.E. (2d) 365 (1984). Rodney has not established on appeal that the findings below are unsupported by substantial evidence.[1]

## B. Procedural Errors

Rodney's second major argument is that the circuit court erred in "directing a verdict" for Employer because continued procedural errors by the adjudicators prevented her from

---

[1] We have not yet been directly presented the question of whether under the South Carolina Workers' Compensation Law, carpal tunnel syndrome is compensable, and if so, as an injury by accident or as an occupational disease. The present case should not be read to decide that question.

perfecting a proper appeal, thereby prejudicing her case. Only two of the alleged errors that Rodney raises are preserved: (1) the commission violated Workers' Compensation Regulation 67-707 by sending claimant to a commissioner other than the original hearing commissioner, and (2) the single commissioner sent out "conflicting signals concerning the procedures" during the second hearing.

25A S.C. Code Ann. Regs. 67-707(C)(2)(d) (1990) states: "If the Commission grants the motion [to introduce additional evidence], the review hearing is stayed. The case will be remanded to the original Hearing Commissioner. . . ." The regulation's declaration that cases are to be remanded to the commissioner who originally heard the claim serves the purpose of establishing a standard procedure, rather than setting forth an absolute requirement that only the original commissioner, and no other commissioner, may hear the case on remand. Virginia Crocker, the original commissioner, was no longer serving as a commissioner, at the time of the remand; therefore, it would have been impossible for this case to have been heard by the original commissioner.

In regard to both the Regulation 67-707 argument and the "conflicting signals" argument, the circuit court ruled that these allegations were "unfounded and without merit" and unsupported by any competent evidence. Rodney has not pointed to any evidence in the record to contradict this ruling. Thus, we affirm the circuit court's findings.

Because we affirm the circuit court's order in Rodney's appeal, it will not be necessary to address Employer's appeal.

## CONCLUSION

For, the foregoing reasons, the circuit court's order is AFFIRMED.

FINNEY, C.J., MOORE, WALLER and BURNETT, JJ., concur.