515 S.E.2d 532

**Joseph Glenn HICKS, Sr., Deceased Employee; and Shirley Hicks and Joseph Glenn Hicks, Jr., Minors, by and through their Guardian ad Litem, Respondents,**

**v.**

**PIEDMONT COLD STORAGE, INC., Employer, and Atlantic Mutual Insurance Company, Carrier, Petitioners.**

No. 24928.

Supreme Court of South Carolina.

Heard Dec. 17, 1997.

Decided April 5, 1999.

Rehearing Denied May 12, 1999.

David Hill Keller, of Haynsworth, Marion, McKay & Guerard, of Greenville, for petitioners.

Robert P. Foster, of Foster & Foster, L.L.P., of Greenville, for respondents.

FINNEY, Chief Justice:

We granted a writ of certiorari to review the Court of Appeals' decision in *Hicks v. Piedmont Cold Storage, Inc.*, 324 S.C. 628, 479 S.E.2d 831 (Ct.App.1996). We reverse.

The children of the deceased, Joseph Hicks, Sr., brought this workers' compensation action against employer, Piedmont Cold Storage, seeking death benefits. Hicks was killed while repairing the personal vehicle of the plant manager on a Saturday at Piedmont Cold Storage. The single commissioner, affirmed by the appellate panel of the commission, denied the claim finding that Hicks did not: (1) work regularly on Saturdays; (2) clock in on the date of the accident; or (3) benefit Piedmont in any way on the day of the accident. The commissioner also found that Hicks worked for the personal benefit of Lewis and therefore his death did not result from an injury by accident arising out of and in the course of his employment with Piedmont.

The circuit judge reversed and held the tasks performed by Hicks at the time of his death were incidental to his employment. Further, he found the accident occurred: (1) on Piedmont premises; (2) with Piedmont tools; and (3) while he performed a task under the direction and supervision of his superior. The circuit judge concluded the commission's decision was against the substantial weight of the evidence and ordered Piedmont to pay death and funeral benefits to the minor children. The Court of Appeals affirmed.

Piedmont contends the Court of Appeals and circuit court erred in reversing the commission's decision because it was supported by substantial evidence. Further, Piedmont asserts the Court of Appeals and circuit court substituted their judgment for that of the workers' compensation commission on questions of fact. We agree.

The findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence. *Rodney v. Michelin Tire Corp.*, 320 S.C. 515, 466 S.E.2d 357 (1996). A court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. *Rodney, supra.* The court may reverse the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are clearly erroneous in view of the reliable, probative and substantial evidence of the whole record. *Id.*

The key factor in determining the children's entitlement to compensation here is whether the work benefitted the employer. *Fountain v. Hartsville Oil Mill,* 207 S.C. 119, 32 S.E.2d 11 (1945) (workers' compensation benefits denied because the employee's activity provided no benefit to the employer). The employee in *Fountain* was injured during regular working hours while working at his supervisor's private residence and we held there was no coverage. Here, the decedent was being paid by his supervisor for work done on the supervisor's personal vehicle on a non-work day at the employer's business. The record shows that Hicks did not regularly work on Saturdays and did not clock in on the day of the accident.

■ There is substantial evidence in the record supporting the commission's finding that the work performed by Hicks did not benefit Piedmont and was for the personal benefit of the plant manager. The findings of fact must be affirmed if they are supported by the evidence. *Parsons v. Georgetown Steel,* 318 S.C. 63, 456 S.E.2d 366 (1995). Based on the reasoning in *Fountain,* the accident here was outside the course of decedent's employment. Further, the circuit court and Court of Appeals substituted their judgment for that of the commission in finding that Hicks conferred some benefit on Piedmont. The supervisor did not lose any time from work as the repair was being done on a Saturday.

The substantial evidence rule controls here, and accordingly the decision of the Court of Appeals is

REVERSED.

MOORE, WALLER, and BURNETT, JJ., concur.

TOAL, J., dissenting in separate opinion.

TOAL, Justice:

I respectfully dissent from the majority's determination that Hicks's injury is not compensable under the South Carolina Workers' Compensation Act. I would hold that Hicks's injury was by accident arising out of and in the course of his employment and therefore compensable. Thus, I would affirm the Court of Appeals' opinion.

The majority relies exclusively upon *Fountain v. Harts-ville*,[1] stating, "The key factor in determining the children's entitlement to compensation here is whether the work benefitted the employer." However, by framing the analysis in such a restricted manner, the majority disregards this Court's trend in awarding compensation.

In *Fountain*, this Court relied heavily on, and quoted extensively from, the North Carolina Supreme Court's decision in *Burnett v. Palmer–Lipe Paint Co.*, 216 N.C. 204, 4 S.E.2d 507 (1939). Since *Burnett*, however, North Carolina courts have recognized the impossible situation in which an employee is placed when a superior asks the employee to perform personal work for the superior. In *Pollock v. Reeves Brothers, Inc.*, 313 N.C. 287, 328 S.E.2d 282 (1985), the North Carolina Supreme Court, in reversing its court of appeals, stated that an employee is "entitled to recover under the workers' compensation principle that when a superior directs a subordinate employee to go on an errand or perform some duty beyond his normal duties, an injury sustained in the course of that task is compensable." *Pollock*, 328 S.E.2d at 287. One of the cases relied upon by *Pollock* was *Stewart v. North Carolina Dep't of Corrections*, 29 N.C.App. 735, 225 S.E.2d 336 (1976), the same case cited by our Court of Appeals in the instant case. While these North Carolina decisions do not totally jettison the "employer benefit" requirement, they do hold that even a slight, indirect benefit to the employer will suffice where the employee is acting pursuant to instructions by his superior. *See Stewart, supra* (noting that the employer would benefit indirectly because it was anticipated the morale of the employees would improve).

However, one need not go beyond the holdings of this Court to observe that we have awarded compensation in a variety of circumstances where the employee was acting outside his normal duties, and the benefit to the employer was only slight or indirect. *See, e.g., Howell v. Kash & Karry*, 264 S.C. 298, 214 S.E.2d 821 (1975) (holding that the injury was compensable where the employee was injured while chasing two boys who had stolen a customer's purse); *Sexton v. Freeman Gas Co.*, 258 S.C. 15, 187 S.E.2d 128 (1972) (holding that the injury

---

1. 207 S.C. 119, 32 S.E.2d 11 (1945).

was compensable where employee was injured while driving company truck to help put out brush fire); *Cauley v. Ross Builders Supplies, Inc.*, 238 S.C. 38, 118 S.E.2d 879 (1961) (holding that the injury was compensable where employee was injured while using the company's table saw to fashion a table leg for a fellow employee); *Portee v. South Carolina State Hosp.*, 234 S.C. 50, 106 S.E.2d 670 (1959) (holding that the injury was compensable under the "employer benefit" doctrine where employee died after receiving a penicillin injection from a co-employee as medication for a sore throat). Clearly, the overwhelming weight of authority requires that compensation be awarded in the present case.

I would join the well reasoned opinion of the Court of Appeals and affirm the circuit court's decision to award compensation based on the fact that the injury occurred (1) on the employer's premises; (2) with the employer's tools; and (3) while Hicks performed a task under the direction and supervision of his superior. Moreover, Hicks conferred an indirect benefit on his employer in that his superior was able to spend more time running the plant in lieu of dropping off and picking up his car from a repair shop.