THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Alejandro Ray
 Millan, Respondent,
 v.
 Port City Paper and Ohio Casualty Group, Appellants.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2009-UP-038
Heard November 5, 2008  Filed January 15,
 2009    
AFFIRMED

 
 
 
 Weston Adams, III, Jillian M. Benson, and Ashley B. Stratton, of Columbia, for Appellants.
 Douglas A. Churdar, of Greenville, for
 Respondent.
 
 
 

PER CURIAM:  Port City Paper and Ohio Casualty
 Group appeal the circuit courts finding the
 record did not contain substantial evidence to support the Appellate Panels
 decision that Alejandro Ray Millans alleged erectile/bladder
 dysfunction and psychological injury are not compensable.[1]  We affirm pursuant to Rule 220(b)(1),
 SCACR, and the following authorities: Shuler v. Gregory Elec., 366 S.C. 435, 440, 622 S.E.2d 569, 571 (Ct.
 App. 2005) (holding the Appellate Panels decision
 must be affirmed if supported by substantial evidence in the record); Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 304,
 306 (1981) ( Substantial evidence is
 not a mere scintilla of evidence nor the evidence viewed blindly from one side
 of the case, but is evidence which, considering the record as a whole, would
 allow reasonable minds to reach the conclusion that the administrative agency
 reached or must have reached in order to justify its action.); S.C. Code Ann. § 42-1-160(A) (Supp. 2007) (providing for an injury to
 be compensable, it must arise out of and in the course of employment);  Rodney v. Michelin Tire Corp., 320 S.C. 515, 518, 466
 S.E.2d 357, 358 (1996) (finding an injury arises out of
 employment if a causal relationship between the conditions under which the work
 is to be performed and the resulting injury is apparent to the rational mind,
 upon consideration of all the circumstances);  Getsinger v. Owens-Corning
 Fiberglas Corp., 335 S.C. 77, 81, 515 S.E.2d 104, 106 (Ct. App. 1999)
 (holding mental
 injuries are compensable if induced either by physical injury or by unusual or
 extraordinary conditions of employment).
AFFIRMED.
HEARN, C.J., and SHORT and KONDUROS, JJ., concur.

[1] In their brief, they also argued medical treatment
 for erectile/bladder dysfunction is not compensable under section 42-15-60 of
 the South Carolina Code (1976) and the circuit courts order failed to comply
 with the Administrative Procedures Act, section 1-23-350 of the South Carolina
 Code (2005).  However, they abandoned those issues at oral argument.