687 S.E.2d 332

**Lee B. JEFFREY, Sr., Amicus Curiae,**

v.

**SUNSHINE RECYCLING, Employer, and Capital City Insurance, Alleged Carrier, and South Carolina Uninsured Employers' Fund, Defendants,**

**of whom Sunshine Recycling and South Carolina Uninsured Employers' Fund are the Appellants,**

**and**

**Capital City Insurance, Alleged Carrier is the Respondent.**

**No. 4626.**

Court of Appeals of South Carolina.

Heard Sept. 2, 2009.

Decided Oct. 28, 2009.

Withdrawn, Substituted and Refiled Dec. 18, 2009.

Robert Merrell Cook, II, of Batesburg–Leesville, for Appellants.

Grady L. Beard and Daniel W. Hayes, both of Columbia, for Respondent.

Preston McDaniel, of Columbia, for Amicus Curiae.

LOCKEMY, J.

Sunshine Recycling (Sunshine) and the South Carolina Uninsured Employers' Fund (UEF) appeal the circuit court's reversal of the Appellate Panel of the South Carolina Workers' Compensation Commission's (Appellate Panel) finding that Capital City Insurance (Capital City) was the workers' compensation insurance carrier for Sunshine when Lee B. Jeffrey, Sr. was injured. Specifically, Sunshine and UEF argue the circuit court erred in (1) incorrectly applying the substantial evidence rule; (2) failing to give proper deference to the Appellate Panel's coverage determination when that determination is exclusively within the purview of the Appellate Panel per *Labouseur v. Harleysville Mutual Ins. Co.*, 302 S.C. 540, 397 S.E.2d 526 (1990); and (3) failing to find as an additional sustaining ground for upholding the Appellate Panel's coverage determination that Capital City was estopped to deny coverage. We reverse the circuit court's determination that the Appellate Panel lacked substantial evidence in finding Capital City reinstated Sunshine's insurance policy without a lapse in coverage.

## FACTS

Sunshine was insured by Capital City under a policy of workers' compensation coverage. The effective dates of coverage for Sunshine's policy were April 2, 2002 to April 2, 2003. On August 2, 2002, Capital City issued a policy termination notice to Sunshine, which cancelled Sunshine's policy due to

nonpayment of premium effective September 6, 2002. Sunshine subsequently paid the premium due and on September 26, 2002, Capital City issued a reinstatement notice to Sunshine stating that its policy was reinstated effective September 25, 2002. In December 2002, Jeffrey filed an amended Form 50 with the Commission reporting an injury he sustained while employed by Sunshine on September 11, 2002 and requesting a hearing. Jeffrey listed Capital City as the workers' compensation insurance carrier for Sunshine at the time of his injury.

In January 2003, Capital City filed a motion to add UEF as a party to this action. Capital City argued Sunshine's policy was cancelled due to nonpayment of premiums effective September 6, 2002 and it was not the insurance provider for Sunshine on September 11, 2002. In making its cancellation argument, Capital City relied upon the South Carolina Workers' Compensation Assigned Risk Plan Operating Rules and Procedures (Assigned Risk Plan) promulgated by the National Council on Compensation Insurance. The single commissioner ordered UEF added as a party, finding that due to a lapse in coverage, Capital City was not the insurance provider for Sunshine on September 11, 2002. Following the single commissioner's ruling, the parties entered into a consent order and agreed to vacate the single commissioner's order and add UEF as a party. Additionally, Sunshine and UEF withdrew their appeals to the Appellate Panel.

In January 2004, a different single commissioner held the underlying hearing in this matter. The single commissioner found Jeffrey sustained a compensable injury by accident to his back on September 11, 2002, while employed with Sunshine. The single commissioner further determined that although Capital City had properly cancelled the insurance policy of Sunshine due to nonpayment of premiums, the policy was reinstated with no lapse in coverage. The single commissioner found the reinstatement notice lacked clear and unambiguous language indicating the precise dates during which a lapse occurred. Furthermore, the single commissioner specifically noted that the reinstatement notice made no reference to the policy being reinstated with a lapse in coverage. Capital City appealed the single commissioner's order to the Appellate Panel. The Appellate Panel affirmed the single

commissioner's determination that coverage applied with no lapse under the reinstated Capital City policy. However, the Appellate Panel reversed the single commissioner's award with regard to Jeffrey's entitlement to compensation. The Appellate Panel determined the settlement of Jeffrey's prior back claim had the same effect as an order, decision, or award, and therefore, Jeffrey was not entitled to additional compensation.

Jeffrey and Capital City appealed the Appellate Panel's order to the circuit court. The circuit court reversed the Appellate Panel's determination regarding coverage, holding Capital City was not the insurance carrier for Sunshine on September 11, 2002. Additionally, the circuit court remanded the case to the Appellate Panel to determine whether Jeffrey sustained a compensable injury by accident. Sunshine and UEF appealed.

## STANDARD OF REVIEW

The substantial evidence rule of the Administrative Procedures Act governs the standard of review in a workers' compensation decision. *Liberty Mut. Ins. Co. v. S.C. Second Injury Fund,* 363 S.C. 612, 619, 611 S.E.2d 297, 300 (Ct.App. 2005). "In an appeal from the [Appellate Panel], neither this court nor the circuit court may substitute its judgment for that of the [Appellate Panel] as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law." *Stone v. Traylor Bros.,* 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct.App.2004). "Any review of the [Appellate Panel's] factual findings is governed by the substantial evidence standard." *Id.* "Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action." *Liberty Mut. Ins.,* 363 S.C. at 620, 611 S.E.2d at 300. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.*

## LAW/ANALYSIS

### I. Substantial Evidence Rule

█ Sunshine and UEF argue the circuit court erred in its application of the substantial evidence rule. Specifically, Sunshine and UEF contend the record contained substantial evidence to support the Appellate Panel's finding that Sunshine's insurance policy with Capital City was reinstated without a lapse in coverage. We agree.

The circuit court found the Appellate Panel lacked substantial evidence in finding Capital City provided workers' compensation coverage to Sunshine at the time of Jeffrey's injury. Citing Section II.D.5 of the Assigned Risk Plan, the circuit court found the Assigned Risk Plan did not require the specific dates of the lapse be included in the reinstatement notice. The circuit court found the reinstatement notice only had to note that a lapse had occurred. The circuit court concluded Capital City advised Sunshine coverage had lapsed because the reinstatement notice stated that its policy would be reinstated *effective* September 25, 2002.

Sunshine and UEF contend the reinstatement notice failed to specifically identify any lapse in coverage. According to Section II.D.5 of the Assigned Risk Plan, "if a reinstatement notice is issued, any lapse in coverage must be clearly stated on the notice." The reinstatement notice issued to Sunshine stated Capital City reinstated its policy effective September 25, 2002. Sunshine and UEF contend the notice is void of any reference to any period during which a lapse in coverage occurred. They argue that while the circuit court asserted the Appellate Panel lacked substantial evidence in finding coverage had not lapsed, the circuit court failed to provide any reasoning for its finding. Sunshine and UEF contend the circuit court did not find the Appellate Panel made a specific error. Rather, they argue the circuit court merely had a different interpretation of the reinstatement notice. They assert the substantial evidence rule requires the circuit court to accept the Appellate Panel's findings if substantial evidence supported them.

Applying the rules set forth in the Assigned Risk Plan, Capital City contends the policy did not cover Sunshine at the time of Jeffrey's accident because Sunshine failed to pay its

premium until after the date of cancellation, resulting in a lapse in coverage. According to Section II.D.5 of the Assigned Risk Plan, "if an item correcting a fault which resulted in cancellation is received on or within sixty (60) days after the effective date of cancellation, the carrier shall reinstate insurance with a lapse in coverage." Furthermore, Capital City contends the Appellate Panel's decision appears to be based on the testimony of Gary Smith, the director of the Commission's Coverage and Compliance Division. Smith testified that while coverage had lapsed, he believed coverage would have still been in effect under Capital City's policy because "for years what we have done is we have treated reinstatement as a restoration of an insurance policy, a complete restoration of an insurance policy, without a lapse in coverage." Capital City argues the Appellate Panel relied on Smith's testimony and failed to take judicial notice of the Assigned Risk Plan. Capital City cites *Rodriguez v. Romero*, 363 S.C. 80, 610 S.E.2d 488 (2005), and *Avant v. Willowglen Academy*, 367 S.C. 315, 626 S.E.2d 797 (2006), to support its assertion that the Assigned Risk Plan governs the issue of whether a lapse in coverage occurred.

While Capital City contends the Appellate Panel failed to acknowledge the applicability of the Assigned Risk Plan, evidence in the record suggests otherwise. The single commissioner applied the language of the Assigned Risk Plan in finding the reinstatement notice did not clearly state the policy had lapsed and the Appellate Panel affirmed this decision. Furthermore, nothing in the Appellate Panel's order indicates its decision was based on Smith's testimony or that it did not apply the Assigned Risk Plan.

Substantial evidence in the record supported the Appellate Panel's finding that the reinstatement notice did not clearly state coverage had lapsed. While Section II.D.5 of the Assigned Risk Plan states a carrier shall reinstate coverage with a lapse when an item correcting a fault that resulted in cancellation is received within sixty days after cancellation, Section II.D.5 further states that any reinstatement notice issued must clearly state any lapse in coverage. As the single commissioner noted, the reinstatement notice did not include clear and unambiguous language indicating the policy was reinstated *with a lapse*. The Assigned Risk Plan requires any

lapse be clearly stated "on the notice." The reinstatement notice stated that the policy effective dates were "4/02/02" through "4/02/03"; however, the notice did not mention a lapse from September 6, 2002 to September 25, 2002, during which Jeffrey's injury occurred. The reinstatement notice did not even mention the September 6 cancellation date.

Moreover, witness testimony indicates the reinstatement notice did not clearly indicate coverage had lapsed. Gary Smith testified that a reasonable person could not tell from looking at the reinstatement notice whether coverage had lapsed. While the circuit court had a different interpretation of the reinstatement notice, the possibility of drawing two different conclusions from the evidence does not prevent the Appellate Panel's findings from being supported by substantial evidence. *See Liberty Mut. Ins.*, 363 S.C. at 620, 611 S.E.2d at 301. Furthermore, workers' compensation statutes and regulations should be liberally construed in favor of finding coverage and the Appellate Panel should be given great deference in determining coverage. *Earl v. HTH Assoc., Inc./Ace Usa Insurance Co. of N. Am.*, 368 S.C. 76, 81, 627 S.E.2d 760, 762 (Ct.App.2006). Therefore, the record contains substantial evidence to support the Appellate Panel's finding coverage had not lapsed. Accordingly, we reverse the circuit court's finding that Capital City was not the insurance provider for Sunshine at the time of Jeffrey's injury.

## II. Remaining Issues

Sunshine and UEF also argue the trial court erred in (1) failing to give proper deference to the Appellate Panel's coverage determination when that determination was exclusively within the purview of the Appellate Panel per *Labouseur v. Harleysville Mutual Ins. Co.*, and (2) failing to find as an additional sustaining ground for upholding the Appellate Panel's coverage determination that Capital City was estopped to deny coverage. Based upon our determination substantial evidence supported the Appellate Panel's finding on coverage, we don't address these issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## CONCLUSION

The circuit court erred in determining the Appellate Panel lacked substantial evidence in making its finding that Capital City was Sunshine's workers' compensation insurance provider on September 11, 2002. Accordingly, the circuit court's determination that Capital City was not the workers' compensation insurance provider for Sunshine at the time of Jeffrey's injury is

**REVERSED.**[1]

HEARN, C.J., and KONDUROS, J., concur.

---

1. Per the circuit court's order, the issue of whether Jeffrey sustained a compensable injury is remanded to the Appellate Panel, as this issue was not presented to us on appeal.