THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ricky Burton, Appellant,
 
 
 

v.

 
 
 
 Hardaway Concrete Co., Inc., and Liberty Mutual Fire Insurance, Respondents.
 
 
 

Appeal From the Appellate Panel

Unpublished Opinion No. 2011-UP-131
 Submitted March 1, 2011  Filed March 29,
 2011
 Withdrawn, Substituted, and Refiled on
June 3, 2011

AFFIRMED

 
 
 
 John S. Nichols, Luther J. Battiste, III,
 and William T. Toal, all of Columbia, for Appellant.
 Michael W. Burkett, of Columbia, for
 Respondents.
 
 
 

PER CURIAM: The
 Appellate Panel of the South Carolina Workers' Compensation Commission (the
 Appellate Panel) denied Ricky Burton's claim for workers' compensation benefits. 
 Burton appeals, arguing the Appellate Panel erred in finding his injury was not
 compensable because Hardaway Concrete Co., Inc. (Employer) did not benefit from
 Burton's activity.  We affirm.[1]  
This court will affirm the
 decision of the Appellate Panel if it is supported by substantial evidence. 
 S.C. Code Ann. § 1-23-380(5) (Supp. 2010).  "Substantial evidence is not a
 mere scintilla of evidence, but evidence which, considering the record as a
 whole, would allow reasonable minds to reach the conclusion the agency reached."  Converse Power Corp. v. S.C. Dep't of Health & Envtl. Control, 350
 S.C. 39, 46, 564 S.E.2d 341, 345 (Ct. App. 2002).  However, this court "may
 reverse or modify [the Appellate Panel's decision] if such decision is affected
 by errors of law [or] characterized by an abuse of discretion . . . ."  Floyd
 v. City of Charleston, 287 S.C. 474, 478, 339 S.E.2d 166, 168 (Ct.
 App. 1986) (citations omitted); see also S.C. Code Ann. §
 1-23-380(5)(d), (f) (providing the reviewing court can reverse or modify a
 decision by the Appellate Panel if the decision is affected by an error of law
 or characterized by an abuse of discretion).  
"An injury occurs 'in
 the course of' employment within the meaning of [the Act] when it occurs within
 the period of employment at a place where the employee reasonably may be in the
 performance of his duties and while fulfilling those duties or engaged in
 something incidental thereto."  West v. Alliance Capital, 368 S.C.
 246, 253, 628 S.E.2d 279, 283 (Ct. App. 2006).  "A key factor in
 determining entitlement to compensation under [the course of employment prong]
 is whether an employee's activity benefited the employer."  Id. at 254, 628 S.E.2d at 283. 
We find the Appellate Panel
 did not err in finding Burton's injury did not arise out of and in the course
 of employment.[2] 
 Although Burton presented evidence that Employer benefited from Burton's
 activity, evidence also exists supporting the Appellate Panel's factual
 findings that Employer did not benefit from Burton's activity even though the
 Appellate Panel noted that Burton was credible and his supervisor "less
 so."[3] See Jeffrey v. Sunshine Recycling, 386 S.C. 174, 178, 687 S.E.2d
 332, 335 (Ct. App. 2009) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the Appellate Panel's] findings
 from being supported by substantial evidence."); see also Hall v.
 United Rentals, Inc., 371 S.C. 69, 80, 636 S.E.2d 876, 882 (Ct. App.
 2006) (noting because the Appellate Panel is the ultimate fact finder, the
 final determination of witness credibility and the weight it is given is
 reserved for the Appellate Panel).    Here, the supervisor's friend who owned
 the property had no connection with Employer, and Employer's business did not
 provide debris removal services.   Although Burton argues Hardaway received a
 direct benefit of a clean truck and an indirect benefit of goodwill, no
 evidence in the record established these benefits.  
Accordingly, the decision of
 the Appellate Panel is
AFFIRMED.
FEW, C.J., THOMAS
 and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2] We decline to address Burton's argument concerning
 the private errand rule because it is unpreserved for our review.  Burton
 failed to raise the argument to the Appellate Panel.  See Rodney v.
 Michelin Tire Corp.,  320 S.C. 515, 517, 466 S.E.2d 357,
 358 (1996) (noting arguments
 must be raised to the Appellate Panel in order to be preserved for review on
 appeal).
[3] We find Burton's argument that the Appellate Panel
 made an error of law by misapplying Hicks v. Piedmont Cold Storage, Inc.,
 335 S.C. 46, 515 S.E.2d 532 (1999), is without merit.  The Appellate Panel
 applied the correct proposition of law from Hicks that the employee's
 activity must benefit employer in order to be compensable.  See Hicks,
 335 S.C. at 49, 515 S.E.2d at 533; see also West, 368 S.C. at 254,
 628 S.E.2d at 283.