**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Louis Mack, III, Respondent,

v.

American Spiral Weld Pipe Co., and Hartford Casualty Insurance, Appellants.

Appellate Case No. 2010-169866

Appeal From Richland County
J. Michelle Childs, Circuit Court Judge

Unpublished Opinion No. 2012-UP-627
Heard November 13, 2012 – Filed November 28, 2012

**AFFIRMED**

Kay Gaffney Crowe and Brian Edward Sopp, both of Barnes Alford Stork & Johnson, LLP, of Columbia, for Appellants.

Tiffany R. Spann-Wilder, of The Spann-Wilder Law Firm, LLC, of North Charleston, for Respondent.

**PER CURIAM:**  American Spiral Weld Pipe Co. and Hartford Casualty Insurance argue the circuit court erred in affirming the Appellate Panel of the South Carolina Workers' Compensation Commission's findings that (1) Louis Mack, III suffered a

change of condition to his neck, and (2) Mack's initial filing of a Form 50 regarding his change of condition tolled the statute of limitations. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to whether Mack suffered a change of condition to his neck: *Lockridge v. Santens of Am., Inc.*, 344 S.C. 511, 515, 544 S.E.2d 842, 844 (Ct. App. 2001) ("The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission. Any review of the [Appellate Panel]'s factual findings is governed by the substantial evidence standard. . . . Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable minds to reach the same conclusion that the [Appellate Panel] reached." (internal citations omitted)).

2. As to whether Mack's initial filing of a Form 50 regarding his change of condition tolled the statute of limitations: *Jeffrey v. Sunshine Recycling*, 386 S.C. 174, 181, 687 S.E.2d 332, 336 (Ct. App. 2009) (holding workers' compensation statutes and regulations are to be construed liberally in favor of coverage); *S.C. Coastal Conservation League v. S.C. Dep't of Health & Envtl. Control*, 363 S.C. 67, 75, 610 S.E.2d 482, 486 (2005) ("Courts defer to the relevant administrative agency's decisions with respect to its own regulations unless there is a compelling reason to differ.").

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**