20844

James M. VAUGHAN, Administrator of the Estate of James H. Vaughan, Deceased, Plaintiff-Respondent, v. Joe H. EDDINS, d/b/a Joe H. Eddins Trucking and Spreading Service, Kevin Glenn Lisemby, and One 1976 International Trust No. D2327OGA1650, Defendants-Respondents. Ex parte S. C. STATE WORKMEN'S COMPENSATION FUND, Appellant.

(251 S. E. (2d) 187)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. George C. Beighley,* Columbia, *for appellant.*

*William B. Russell,* Rock Hill, *for plaintiff-respondent.*

*Forrest C. Wilkerson,* Rock Hill, *for defendants-respondents.*

January 8, 1979.

LEWIS, Chief Justice:

This action was brought against third parties to recover for the alleged wrongful death of an employee whose beneficiaries had been paid Workmen's Compensation benefits. A settlement in excess of the Workmen's Compensation benefits was reduced to judgment at trial; and an order entered by the trial judge directing the distribution of the recovery, including the portion of the funds subject to the statutory subrogation lien of the Workmen's Compensation carrier. The order of the trial judge directed that a portion of the insurance carrier's lien be paid to the beneficiaries of the deceased employee. This appeal is from that order and involves the authority of the court under Section 42-1-560 of the 1976 Code of Laws to reduce the statutory lien of a Workmen's Compensation insurance carrier in recoveries from third parties. The result reached on this question renders it unnecessary to consider any other question argued.

The material facts are not in dispute. While about his employment with the City of Rock Hill, James H. Vaughan sustained fatal injuries in an accident caused by third par-

ties. Since the accident, causing death, occurred within the scope of the deceased's employment, the State Workmen's Compensation Fund (State Fund), as insurance carrier for the city, admitted liability, thereafter paying to the parents of the deceased, as beneficiaries, Workmen's Compensation benefits in the sum of $32,910.65. Subsequently, the present action was instituted by the administrator of the estate of the deceased to recover for his alleged wrongful death.

This action resulted in a settlement between the third parties and the administrator for the sum of $60,000.00, which was reduced to judgment at trial. The trial judge entered an order which recognized that the State Fund had a lien, through subrogation, on the settlement proceeds to the extent of $32,910.65, the amount of the Workmen's Compensation benefits paid by it; but concluded that Code Section 42-1-560 gave the court authority to determine the manner of distribution of the proceeds of the State Fund's subrogation claim, since the settlement with the third parties occurred during trial. The trial judge accordingly directed that the portion of the third party settlement ($32,910.65), representing the subrogation claim of the State Fund, be distributed as follows: (1) $10,970.21 to the attorney for respondent; (2) $10,970.22 to the State Fund; and (3) $10,970.22 to the beneficiaries of the deceased.

The State Fund, which was given no notice or opportunity to be heard prior to the order of the lower court, has appealed.

Our decision turns upon the construction to be placed upon Code Section 42-1-560(e). Paragraph (b) of that section authorizes the employee or, in the event of his death, his dependents to receive Workmen's Compensation benefits and also enforce by appropriate proceedings his or their rights against a third party. In the event of recovery against a third party, Paragraph (b) gives to the carrier an absolute lien on the proceeds of any such recovery in the following language:

In such case the carrier shall have a lien on the proceeds of any recovery from the third party whether by judgment, settlement or otherwise, to the extent of the total amount of compensation, including medical and other expenses, paid, or to be paid by such carrier, less the reasonable and necessary expenses, including attorney fees, incurred in effecting the recovery, and to the extent the recovery shall be deemed to be for the benefit of the carrier.

Paragraph (c) of Section 42-1-560 states that, if an injured employee or, in the event of his death, the person entitled to sue therefor fails to pursue proceedings to recover from a third party within the stated time limitations, then the carrier shall have the right, as assignee, to sue the third party. In the event the carrier, as assignee, recovers for the death of an employee an amount in excess of the benefits paid to the beneficiaries, this paragraph, together with paragraph (d) makes provision for disposition of such excess, recognizing the lien of the carrier on the recovery to the extent of the benefits paid.

Then follows paragraph (e) of Section 42-1-560 relied upon by the lower court. This paragraph states:

The injured employee, or, in event of his death, his dependents, and the carrier may, by agreement approved by the Industrial Commission, or in event of a settlement made during actual trial of the action against the third party, approved by the presiding judge at the trial, provide for distribution of the proceeds of any recovery in the action different from that prescribed by subsection (b) or (c) of this section.

The order of the lower court directing the payment of $10,970.21 as an attorney fee to counsel for the administrator is not questioned and is not involved in this appeal. Only that portion of the order directing payment of $10,970.22 to the beneficiaries of the deceased employee out of the proceeds of State Fund's lien is in issue.

The contention of the respondent-administrator, adopted by the trial judge, that paragraph (e) of Section 42-1-560

authorizes the trial judge to, in effect, reduce the statutory lien of a Workmen's Compensation insurance carrier in recoveries from third parties by directing a portion of the proceeds of such lien paid to the employee or, in the event of death, to his dependents, has no support in the statute.

Paragraph (e) plainly says that "the injured employee or, in the event of his death, his dependents, and the carrier *may, by agreement* . . . . , provide for distribution of the proceeds of any recovery in the action different from that prescribed by subsection (b) or (c) of this section." This paragraph provides that any such agreement between the employee or his dependents and the carrier must be approved by the Industrial Commission, if such agreement is effected before trial; but must be approved by the presiding judge, if the settlement is made "during actual trial of the action against the third party."

It is, therefore, clear that neither the Industrial Commission nor the trial judge can vary the distribution of the proceeds from any third party recovery, but any change in such distribution can only be accomplished *by agreement* between the employee or his dependents *and the carrier*.

The carrier (State Fund) in this case did not agree to any distribution of the proceeds of the recovery from the third parties different from that set forth in the statute, and the trial judge was without authority to vary the prescribed distribution without such agreement.

Since the trial judge had no authority to vary the statutory distribution of the recovery from the third parties, the judgment is reversed and the cause remanded for the entry of an order disbursing the funds in question in accordance with Code Section 42-1-560.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.