21793

Harry G. BRIDGES, Mary Virginia Rawlinson Bridges, Widow, and Kimberly Ann Bridges, Minor Child, Respondents, v. HOUSING AUTHORITY, CITY OF CHARLESTON and New Hampshire Insurance Co., Appellants.

(295 S. E. (2d) 872)

*Fred Thompson, III,* of *Grimball, Cabaniss, Vaughan & Guerard,* Charleston, *for appellants.*

*Bachman S. Smith, III,* of *Brockinton, Brockinton & Smith,* Charleston, *for respondents.*

October 5, 1982.

LITTLEJOHN, Justice:

This is a Workmen's Compensation claim brought by the family of the deceased claimant-employee, Harry G. Bridges. The hearing Industrial Commissioner, the Full Commission and the Circuit Court have approved an award in compensation for his death. The employer and insurance carrier have appealed.

Bridges had a history of having been hospitalized for a period of three weeks in 1966, for a condition diagnosed as psychoneurosis, with anxiety reaction and depression, severe, with paranoid ideas — also described as a nervous breakdown. He was, from 1966 until 1975, employed on an evening shift by the Defendant Housing Authority in North Charleston as a security officer. His basic duties were the protection of life and property of the tenants within the project.

In the fall of 1975, he suffered another nervous breakdown and was hospitalized from November 7 until his release on December 4. Several months prior to the nervous breakdown, Bridges, with the approval of his employer, began assisting the North Charleston Police Department in the investigation of a drug and theft ring at one of the housing projects. The investigation progressed to the point where the police where almost ready to make some arrests. Without explanation to Bridges, the matter was dropped.

It is the contention of the claimants that the abandoning of and failure to pursue those involved in the drug ring so greatly disturbed Bridges that it caused his nervous breakdown, which, in turn, caused him to have hypertension which, in turn, caused him to have a dissecting aortic aneurysm which, in turn, caused his death. It is the position of the employer-insurance carrier that the employee's nervous breakdown and resulting death were neither from an accidental injury within the scope and definition of the Workmen's Compensation Act, nor the result of his activities arising out of or in the course and scope of his employment and that there is basically no causal connection between these separate events and the resulting death.

The employer and insurance carrier assert that the claimant failed to establish the event that was the accidental injury. They contend that the Commission committed a fatal error of law in finding the heart attack was causally connected to the investigation and the anxiety episode. Also

asserted was the position that the condition the claimant suffered was not the result of unusual or extraordinary stress and should not have been considered to be an "injury by accident" within the applicable statute.

We agree with the Appellants.

The first inquiry must be whether or not an event was established which was an injury by accident. The claimant's family asserted that the nervous breakdown suffered by Mr. Bridges was the event that was the accidental injury. They argue that the nervous breakdown which resulted from the investigation was the "accident" which ultimately caused the fatal heart attack.

> It is the rule in this state that … a coronary attack suffered by an employee constitutes a compensable accident within the meaning of the Workmen's Compensation Act if it is induced by unexpected strain or over-exertion in the performance of the duties of his employment, or by unusual and extraordinary conditions in the employment.

*Kearse v. South Carolina Wildlife Resources Department*, 236 S. C. 540, 115 S. E. (2d) 183 (1960) and *Black v. Barnwell County*, 243 S. C. 531, 134 S. E. (2d) 753 (1964).

In *Walsh v. United States Rubber Company*, 238 S. C. 411, 120 S. E. (2d) 685 (1961), it was held that:

> … if a heart attack results as a consequence of ordinary exertion that is required in the performance of the duties of the employment in the ordinary and usual manner, and without any outward untoward event, it is not compensable as an accident. The fact that due to a weakened heart condition, the exertion required for the ordinary performance of the work is too great for the particular employee, who undertakes to perform it, does not make it a compensable accident.

> This Court is limited in its scope of review in Workmen's Compensation cases to the making of a determination of whether or not there is substantial evidence to support the factual findings of the Commission and Circuit Court. This is the standard which this Court must use in the present case. See *Lark v. Bi-Lo, Inc., et al.*, 276 S. C.

130, 276 S. E. (2d) 304 (1981), and *Ellis v. Spartan Mills, et al.*, 276 S. C. 216, 277 S. E. (2d) 590 (1981).

The record does not contain substantial evidence to support the lower court's findings. No unexpected strain or over-exertion was shown in Mr. Bridges' performing his employment. There is no showing made of unusual or extraordinary conditions in the job that he was expected to perform.

He was employed as and expected to carry out the duties of a security patrolman. His duties, in our view, would logically and reasonably include the type of investigation that he was engaged in prior to his nervous breakdown. This investigation was carried out during his normal working hours. It was conducted in housing complexes that were the claimant's regular patrol areas. His employer knew of its existence and Mr. Bridges' involvement.

The medical testimony presented does not support the assertion that the claimant's death was a result of preexisting hypertension which was intensified by the job-related anxiety. The testimony taken in its entirety merely concluded that anxiety can add to hypertension and hypertension is strongly associated with heart attacks. Anxiety could have been a contributing factor to the cause of death.

The testimony of the treating cardiologist did not state an opinion as to the source or the causation of the claimant's hypertension or heart attack. He did state that both conditions are caused by the combination of a number of factors. The other medical testimony presented did not establish the job situation as an event which was the accidental injury.

In *Gambrell v. Burleson*, 252 S. C. 98, 165 S. E. (2d) 622 (1969), the following rule is stated:

> Where one relies upon medical testimony alone to show a causal connection between an injury and a subsequent condition, the testimony must meet the "most probably" rule, and it is not sufficient that the malady in question "possibly" or "could have" or "might have" resulted from the injury.

The claimant's family, in presenting their case, relied on the medical testimony to establish the requisite causal connection. In reviewing all the testimony before the Industrial

Commission and the lower court, we are of the opinion that the test enunciated in *Gambrell, supra,* has not been met.

The record does not contain substantial evidence that the claimant-employee suffered an "accident" within the meaning of the Act. When a claimant cannot adequately establish an unusual exertion or condition or event that is the "accident", he or she does not come within the confines of the Workmen's Compensation provisions.

Reversed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, J. J., concur.