0396

The SOUTH CAROINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant, v. Edward HIGGINS, Jr., by Mrs. Edward HIGGINS, Jr., Respondent.

(326 S. E. (2d) 425)

Court of Appeals

*Patrick M. Teague*, Columbia, *for appellant.*

*John Felder* of *Felder & Whetstone*, St. Matthews, *for respondent.*

Heard Dec. 19, 1984.

Decided Feb. 13, 1985.

GARDNER, Judge:

This is a workers' compensation case in which the hearing commissioner, the full commission and the trial judge of the

Court of Common Pleas concurred in finding that the death of Edward Higgins, Jr. arose out of and within the course of his employment as a Highway Patrolman by appellant South Carolina Department of Highways and Public Transportation (the Highway Department). We agree and affirm.

The issues for decision are whether (1) the death of Patrolman Higgins was proximately caused by the intoxication of the deceased and (2) there is substantial evidence of record to support the holdings of the hearing commissioner, the full commission and the trial judge.

Patrolman Higgins received head injuries when his patrol vehicle collided with an oncoming vehicle while he was working on the night shift. It is undisputed that this first accident arose out of and within the course of his employment and that the severity of Patrolman Higgins' head injuries precluded his immediate return to work. At the time of his death, he was drawing temporary total compensation benefits under the Workers' Compensation Act.

A second motor vehicle accident occurred on December 22, 1980, resulting in Patrolman Higgins' death. It appears from the investigative report that Patrolman Higgins lost control of his automoblie on a cold, clear night. The accident occurred on a sharp right curve of the road when the automobile ran off the road, skidded back across the highway into an open field and finally struck an oak tree. At the time, Patrolman Higgins was driving his family home from a family social and evidently had been drinking. He was administered a blood test which reflected .26 percent alcohol content.

The testimony reveals that prior to the first accident he was a model officer and responsible citizen and suffered from no apparent depression; at the time he was a very moderate drinker. In the wake of the first accident, the record reveals that Patrolman Huggins became plagued with depression, loss of memory and self-doubt. He attempted to go back to work but could not handle the simplest responsibilities. He began to drink more than he had prior to his head injuries.

The Highway Department first argues that the death of Patrolman Higgins was proximately caused by his intoxication, which entitled the Highway Department to a reversal on the basis of Section 42-9-60, Code of Laws of South Carolina (1976). Under this section the burden of

establishing that the intoxication of the employee was the proximate cause of injury rests with the Highway Department. *Kingsey v. Champion American Service Center*, 268 S. C. 177, 232 S. E. (2d) 720 (1977).

At the time of his death Patrolman Higgins' wife and minor child was riding with him. His wife testified that he had been drinking but the drinking had not impaired his driving. The accident happened on a sharp curve of a county road. The record reflects that Patrolman Higgins' memory had been affected by the first accident and that he could not perform menial tasks, such as keeping records, all of which could have affected his driving ability. The record reflects that the evidence as to what proximately caused the accident is subject to more than one inference. Under the totality of the circumstances of this case, we hold that the Highway Department did not carry its burden of proof that the accident was proximately caused by intoxication.

The Highway Department next argues that the only reasonable inference from the record is that Patrolman Higgins' death was not causally connected with his employment. In deciding this question, our scope of review is limited to whether there is substantial evidence to support the finding of the hearing commissioner and full commission, which was affirmed by the appealed order of the trial judge. *Bridges v. Housing Authority, City of Charleston*, 278 S. C. 342, 295 S. E. (2d) 872 (1982).

Of paramount importance is the fact that the treating physician, a neurological surgeon, diagnosed the decedent's injuries sustained in the first accident as a severe cerebral concussion. The doctor testified that Patrolman Higgins' suffered post-traumatic depression, which was treated with Tofranial, an antidepressant. He further testified that the head injuries had made the decedent a different person from that which he had been prior to the first accident. He opined that the increased alcohol consumption by decedent was probably causally connected to his mental disturbance resulting from the first accident. The doctor then testified that he thought any increased drinking by Patrolman Higgins' was related to the head injury.

We hold that there is substantial evidence of record to support the conclusion of the hearing commissioner and full

commission and that there is no error in the appealed order. Accordingly, the judgment below is affirmed.

Affirmed.

BELL and CURETON, JJ. concur.