1723

Nevelle HENDERSON, Appellant v. F&D ELECTRICAL CONTRACTORS
and United States Fidelity and Guaranty Company, Respondents.

(411 S.E. (2d) 225)

Court of Appeals

*Donald E. Jonas,* Columbia, *for appellant.*

*Mary E. Bryan,* of *McDonald, McKenzie, Fuller, Rubin & Miller,* Columbia, *for respondents.*

Heard Oct. 16, 1991; Decided Nov. 12, 1991.

Reh. Den. Dec. 5, 1991.

SHAW, Judge:

Appellant, Nevelle Henderson, settled a workers' compensation claim with respondents, F&D Electrical Contractors and United States Fidelity and Guaranty Company (hereinafter, USF&G). USF&G sought to recover its carrier lien

from the proceeds of a third-party lawsuit pursuant to an agreement between USF&G and Mr. Henderson. The single commissioner found Mr. Henderson bound to pay under the agreement. The full commission and the circuit court affirmed. Mr. Henderson appeals. We affirm.

The sole issue before us on appeal is whether the commission had authority to approve the lien satisfaction agreement between Mr. Henderson and USF&G after the conclusion of the third-party lawsuit.[1]

The record below reveals the following facts. On March 1, 1980, Mr. Henderson was injured when a switchboard caught on fire while on the job for F&D Electrical Contractors. USF&G paid Mr. Henderson $27,079.06 in full settlement of his workers' compensation claim. Subsequently, Mr. Henderson retained the services of attorney James D. Cooper to represent him in a third-party products liability claim arising from the same accident. Thereafter, Mr. Cooper withdrew from the case and attorneys Carolyn Steigner and Jonathan Hendrix undertook his representation. Around May of 1987, Steigner and Hendrix discovered a potential conflict of interest between their representation of Mr. Henderson and another client injured in the same accident as Mr. Henderson and, in early June of 1987, attorney Donald Jonas agreed to undertake the representation of Mr. Henderson.

In an exchange of correspondence between March 6, 1987 and June 25, 1987, attorney Hendrix and USF&G reached an agreement whereby the carrier would pay one-half of Mr. Henderson's litigation costs in exchange for Mr. Henderson's agreement to split any recovery on a 50-50 basis, up to the full amount of the carrier's lien, after deduction for attorney's fees and costs. After three days of trial, Mr. Henderson settled his case for $100,000. Thereafter, Mr. Henderson refused to pay the lien according to the agreement.

---

[1] In his brief, Mr. Henderson attempts to argue that a portion of the amount paid by USF&G in settlement of his workers' compensation claim represented a clincher payment which, by its nature, is not subject to the carrier's lien. Because this point was neither raised nor ruled upon below, this issue is not properly preserved and will not be considered on appeal. *See Roche v. S.C. Alcoholic Beverage Control Commission*, 263 S.C. 451, 211 S.E. (2d) 243 (1975) (the purpose of an appeal is to determine whether the trial judge erroneously acted or failed to act and where the appellant's contentions are not presented or passed on by the trial judge, such contentions will not be considered on appeal).

Although the sole question raised on appeal attacks the authority of the commission to approve the agreement, portions of Mr. Henderson's brief appear to question the evidentiary basis of the agreement. We first note that the standard of review to be applied in this case is the substantial evidence rule prescribed by the Administrative Procedures Act. *See Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981). Our scope of review is limited to making a determination of whether or not there is substantial evidence to support the factual findings of the commission. *Bridges v. Housing Authority, etc.*, 278 S.C. 342, 295 S.E. (2d) 872 (1982). The commission here found the carrier and Mr. Henderson entered into a fair and equitable agreement requiring the carrier to pay one-half of the third-party litigation costs in exchange for Mr. Henderson's agreement to reimburse the carrier one-half of the proceeds from any recovery in the third-party litigation, after deduction of attorney's fees and costs, up to the full amount of the carrier's lien. The commission further found the agreement between the carrier and Mr. Henderson, through his attorneys, was consummated in June of 1987 when Mr. Henderson was represented by Jonathan Hendrix and Carolyn Steigner, and the agreement was confirmed when Donald Jonas had undertaken representation of Mr. Henderson. There is substantial evidence in the record to support these findings by the commission.

Mr. Henderson contends that, pursuant to S.C. Code Ann. § 42-1-560 (1976), the commission had no authority to approve the agreement after conclusion of the trial and settlement of the third-party lawsuit. We disagree.

The carrier's lien statute sets out the manner in which the carrier's lien is to be satisfied. S.C. Code Ann. § 42-1-560(b) and (c) (1976). However, part of that statute allows the parties to agree to a settlement scheme different from the plan set out in subsections (b) and (c). S.C. Code Ann. § 42-1-560(e) (1976) provides as follows:

The injured employee, or, in event of his death, his dependents, and the carrier may, by agreement approved by

the Industrial Commission, or in event of a settlement made during actual trial of the action against the third party, approved by the presiding judge at the trial, provide for distribution of the proceeds of any recovery in the action different from that prescribed by subsection (b) or (c) of this section.

Mr. Henderson argues that, under this section, any approval of the agreement by the commission must be prior to the trial of the third-party action. In this case, the commission did not approve the agreement prior to trial and the presiding judge did not approve it during the trial. The issue is thus whether the commission can approve it following settlement during the trial. We hold that it can.

There is absolutely no language in the above quoted statute requiring the commission to approve the agreement before settlement of a third-party action. Rather, it allows for approval by either the commission *or* the presiding judge at the trial should settlement occur during the trial. When approved by the presiding judge, such approval must occur at the trial, however the statute provides no specific time for approval by the commission. Mr. Henderson relies on the South Carolina Supreme Court case of *Vaughan v. Eddins*, 272 S.C. 238, 251 S.E. (2d) 187 (1979) to support his position. However, *Vaughan* does not involve a situation where, as here, an agreement was reached between the claimant and the carrier. Rather, *Vaughan* stands merely for the proposition that, under § 42-1-560(e), neither the commission nor the trial judge have the authority to vary the distribution of the proceeds from any third-party recovery, such change in distribution being properly accomplished only by agreement between the claimant and the carrier. *Vaughan* does not require that approval by the commission occur prior to trial.

For the foregoing reasons, the order below is affirmed.

Affirmed.

BELL and CURETON, JJ., concur.