1897

Lawrence FAIR, Appellant v. FLUOR DANIEL, Employer and United States Fidelity and Guaranty Company, Carrier, Respondents.

(424 S.E. (2d) 541)

Court of Appeals

*Joseph G. Wright, III,* Anderson, *for appellant.*

*Mary L. Bryan,* Columbia, *for respondents.*

Heard Oct. 6, 1992; Decided Nov. 16, 1992.

Reh. Den. Dec. 16, 1992.

---

LITTLEJOHN, Acting Judge:

In this Worker's Compensation case, Lawrence Fair (employee) appeals the circuit court's decision to affirm the findings of the South Carolina Worker's Compensation Commission which held that the employee did not suffer a compensable injury. We affirm the order of the circuit court.

## FACTS

On August 7, 1989, the employee who worked as a cement finisher, said that he slipped and fell. A coworker testified that he did not recall the alleged accident or complaints by the employee on that day. Two co-workers testified that the employee claimed on the morning of the injury to have hurt his back while making love. The testimony of the employee is to the contrary.

## LAW/ANALYSIS

The Administrative Procedures Act, § 1-23-380(g), establishes the substantial evidence standard of judicial review of decisions by the Worker's Compensation Commission. *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981).

When evidence is in conflict, someone has to determine the true facts. That chore is assigned to the Worker's Compensation Commission. This Court is not permitted to substitute its judgment on factual matters.

There is involved here the application of well-established law to a factual situation. We cannot say that the circuit court erred in affirming the hearing commissioner and the full reviewing commission. Its ruling was based on substantial evidence.

Affirmed.

GARDNER, J., concurs.

GOOLSBY, J., concurs with separate opinion.

GOOLSBY, Judge (concurring):

I concur in the opinion of former Chief Justice Littlejohn that affirms the circuit court's order that affirms the decision of a majority of the full commission that affirms the single commissioner's decision to deny Lawrence Fair workers' compensation benefits.

I borrow, with some editing, the following from the circuit court's order.

> It is well-established that a claimant who asserts the right to compensation must establish . . . the facts which will entitle him to an award under the [Workers'] Compensation Act, . . . *Lorick v. South Carolina Electric & Gas Co.*, 245 S.C. 513, 141 S.E. (2d) 662 (1965). [Fluor Daniel, the employer,] did not have the burden of proving [how Fair] injured his back . . .; Rather, the burden fell on [Fair] to prove that his injury occurred on the job in the manner he alleged. . . .

> \* \* \* \* \* \*

> Because of the inconsistencies in his case, [Fair] failed to prove to the commission . . . that his physical problems were caused by work-related injury rather than by a previous injury or disease. [Fair] left home August 11, 1989, telling his wife he was returning to Georgia to work, knowing his next schedule work day was August 14. On August 17, he told his co-workers that he had hurt his back while making love with a woman. On August 18, he told his family doctor he had had leg pain for five days, reported no work injury [to his family doctor], and paid his own medical bill. [Fair] made contradictory reports to his employer, first complaining of a chronic leg problem [and] then of a pinched nerve, without reference to a work-related injury. He did not claim to have suffered a work-related injury until September 6, 1989, when he was seen by a chiropractor.

In brief, then, the commission held Fair simply failed to prove, as was his burden to do, that he injured his back on the job. I cannot say the commission committed reversible error in holding as it did.

With particular reference to the testimony of Dr. Michael Bucci, the record indicates he considered Fair's condition to be a probable work-related injury based solely on an account provided him by Fair. Also, he admitted that some of Fair's back problems could have been the result of disease and that his injury could have been caused in some manner other than by a work-related injury.