24230

Margie KEARSE, Appellant v. The STATE HEALTH AND HUMAN
SERVICES FINANCE COMMISSION, Respondent.

(456 S.E. (2d) 892)

Supreme Court

*Susan Cross, Piedmont Legal Services, Inc.,* Rock Hill, *for appellant.*

*Charles M. Black, Jr., Asst. Gen. Counsel, State Health and Human Services Finance Com'n,* Columbia, *for respondent.*

Heard Mar. 9, 1995.

Decided Apr. 3, 1995; Reh. Den. May 3, 1995.

WALLER, Justice:

On appeal is an Order of the circuit court upholding the denial of Medicaid benefits to Appellant Margie Kearse (Kearse). We affirm.

## FACTS
Kearse applied for Medicaid benefits on the basis of disability due to high blood pressure, arthritis, sinusitis, and polio as a youth. Her application was denied. She requested a hearing before the State Health and Human Services Finance Commission (Commission), which administers the Medicaid program on the state level. After the hearing, the Commission denied benefits to Kearse, and the circuit court affirmed.

## ISSUES
1. Is the Commission's denial of benefits supported by substantial evidence?
2. Did Kearse receive a full and fair hearing before the Commission?

## DISCUSSION

### 1. *Denial of Benefits*

It is well settled that in reviewing a decision by an administrative agency, this Court will not substitute its judgment for that of the agency concerning the weight of the evidence as to questions of fact. S.C. Code Ann. § 1-23-380(A)(6) (Supp. 1993); *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981). The findings of the agency are presumed correct and will be set aside only if unsupported by substantial evidence. *Parker v. S.C. Public Service Comm.*, 281 S.C. 22, 314 S.E. (2d) 148 (1984). Substantial evidence is defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion." 276 S.C. at 135, 276 S.E. (2d) at 307 (citing *Consolo v. Fed. Maritime Comm.*, 383 U.S. 607, 620, 86 S.Ct. 1018, 1026, 16 L.Ed. (2d) 131, 140 (1966)).

In making a determination as to disability, the Commission follows the same definition of disability as the Social Security Administration: "The inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905 (1993).

Here, the Commission determined that Kearse's medical problems did not rise to the level of disability. The Commission's findings are substantiated by Kearse's medical records, including an evaluation by her physician, Dr. Malcolm Marion, III. Dr. Marion's report notes that Kearse suffers from obesity and controlled hypertension. She appeared depressed and had a "somewhat cushingnoid look." However, he found no significant swelling, heat, or redness in her knees or ankles and noted that she was able to walk and get on and off the examining table without any problem. Nor did he find evidence of childhood polio.

We find substantial evidence to support the Commission's finding that Kearse is not disabled pursuant to 20 C.F.R. § 416.905 (1993).

### 2. *Hearing*

Kearse contends that she was deprived of a full and fair hearing before the Commission because she was not represented by counsel. We disagree.

The right to counsel arises under the sixth amendment or the due process guarantee of the U.S. Constitution. *Washington v. Washington,* 308 S.C. 549, 419 S.E. (2d) 779 (1992). The sixth amendment is not implicated here as Kearse is not a criminal defendant. Moreover, due process must involve the deprivation of a liberty interest. Here, Kearse cites no liberty interest of which she is being deprived. Accordingly, Kearse had no constitutional right to counsel.

Moreover, the Commission advised Kearse that she could represent herself at the hearing or be represented by an attorney, and that if she could not afford an attorney, she could contact the Legal Services Association for legal aid. Further, the record of the hearing before the Commission shows that Kearse and her witnesses were given ample opportunity to present their side of the case.

Affirmed.

FINNEY, C.J., TOAL and MOORE, JJ., and A. LEE CHANDLER, Acting Associate Justice, concur.