THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mary Ann Brinson,       
Appellant,
 
 
 

v.

 
 
 
Lexington Medical Center Extended Care,       
Respondent.
 
 
 

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2004-UP-337
Submitted May 12, 2004  Filed May 17, 
 2004

AFFIRMED

 
 
 
Thomas J. Hummel, of Columbia, for Appellant.
F. Earl Ellis, Jr., of Columbia, for Respondent.
 
 
 

PER CURIAM:  Mary Ann Brinson appeals an 
 order of the circuit court affirming the decision of an appellate panel of the 
 Workers Compensation Commission denying her claim for compensation.  We affirm.
FACTS
Brinson was employed as a housekeeper 
 by Lexington Medical Center from July 1994 to August 2000.  For the last year 
 and half of her employment, she experienced increasing degrees of pain in her 
 hands and fingers.  She consequently terminated her employment with the hospital.  
 She was subsequently diagnosed with carpal tunnel syndrome in both hands.  It 
 was Brinsons opinion that this injury was a direct result of her employment 
 with Lexington Medical Center.  
Brinson filed a claim for workers
compensation with her former employer, which was denied.  She appealed this
denial to the Workers Compensation Commission and was granted a hearing before 
 a single commissioner.  Brinson claimed that her duties at Lexington Medical 
 Center, namely the multiple tasks she performed with her hands in cleaning approximately 
 twenty-three rooms on a daily basis, had caused her injury. 
 [1]   It was revealed at the hearing, however, that Brinson had a long time 
 hobby of cross-stitching and needlepoint, which she had enjoyed for over twenty 
 years.  While Brinson at one point in the hearing claimed that she had ceased 
 this activity years prior to 1994, the record also reflects Brinsons contradictory 
 admission that she continued needlepoint during her employment with Lexington 
 Medical Center.  In her deposition, Brinson claimed that she did not stop her 
 needlework until well after gaining employment with Lexington Medical Center, 
 when pain made it impossible to enjoy the hobby.  
Although treated by two specialists 
 in the area of carpal tunnel syndrome, Brinson presented only the testimony 
 of her chiropractor at the hearing to support the view that her injury was caused 
 by her employment.  The chiropractor acknowledged, however, that the carpal 
 tunnel syndrome could have been brought about by her years of needlework.    
The single commissioner concluded Brinsons 
 carpal tunnel syndrome was not the result of an injury by accident arising out 
 of and in the course of her employment pursuant to South Carolina Code section 
 42-1-160 (Supp. 2003).  Brinsons request for compensation was denied.  An appellate 
 panel of the Commission upheld the denial of Brinsons claim, and the circuit 
 court affirmed.  The circuit court determined there was substantial evidence 
 to support the decision of the Commission.  This appeal followed.
STANDARD OF REVIEW
The Administrative Procedures 
 Act, S.C. Code Ann. § 1-23-380(A)(6) (Supp. 2003), establishes the standard 
 of review for decisions by the South Carolina Workers Compensation Commission 
 as the substantial evidence standard.  Lark v. Bi-Lo, Inc., 276 S.C. 
 130, 135, 276 S.E.2d 304, 306 (1981).  The factual findings of the agency are 
 presumed correct and will be set aside only if unsupported by substantial evidence.  
 Kearse v. State Health & Human Servs. Fin. Commn, 318 S.C. 198, 
 200, 456 S.E.2d 892, 893 (1995).  Substantial evidence is evidence that, when 
 considering the record as a whole, would allow reasonable minds to reach the 
 conclusion the Commission reached.  Sharpe v. Case Produce, Inc., 336 
 S.C. 154, 160, 519 S.E.2d 102, 105 (1999); McGuffin v. Schlumberger-Sangamo, 
 307 S.C. 184, 186, 414 S.E.2d 162, 163 (1992).  The possibility of drawing 
 two inconsistent conclusions from the evidence does not prevent the commissions 
 findings from being supported by substantial evidence.  OBanner v. Westinghouse 
 Elec. Corp., 319 S.C. 24, 30, 459 S.E.2d 324, 327-28 (Ct. App. 1995).  
Pursuant to this standard, 
 the reviewing court may not substitute its judgment for that of the Commission 
 as to questions of fact (so long as such judgment is supported by substantial 
 evidence), and may only reverse if the decision is affected by an error of law.  
 S.C. Code Ann. § 1-23-380 (A)(6) (Supp. 2003); Stephen v. Avins Constr. Co., 
 324 S.C. 334, 337, 478 S.E.2d 74, 76 (Ct. App 1996).  The issue of whether there 
 is a causal connection between the claimants employment and their injury is 
 a question of fact.  Sharpe, 336 S.C. at 159, 519 S.E.2d at 105; see 
 also Rhodes v. Guignard Brick Works, 245 S.C. 304, 311, 140 S.E.2d 
 487, 490 (1965).
DISCUSSION
Brinson contends the decision 
 of the Commission was based on an error of law.  We disagree.
Brinson cites Pee v. 
 AVM, Inc., 352 S.C. 167, 573 S.E.2d 785 (2002), for the proposition that 
 an injury caused by repetitive trauma may constitute injury by accident under 
 the Workers Compensation Act.  See S.C. Code Ann. § 42-1-160 (Supp. 
 2003).  Pursuant to this holding, she asserts legal error by the Commission 
 in excluding multiple task repetitive trauma from the Workers Compensation 
 Act.  We agree with Brinson that it is undecided in this state whether such 
 varying activities, as she performed at Lexington Medical Center, may constitute 
 repetitive trauma under the Pee v. AVM holding.  Brinson, however, 
 misconstrues the basis of the Commissions denial of her claim, for the Commissions 
 decision is fact-based.  
The Commission affirmed 
 the decision of the single commissioner by adopting her complete order by reference.  
 The single commissioner based her decision to deny Brinson compensation on the 
 factual finding that the injury was not caused by Brinsons employment. The 
 commissioner found the testimony of Brinsons chiropractor lacking in credibility.  
 The commissioner also noted that Brinsons needlework hobby of over twenty years 
 did involve such motions.  The commissioner did not exclude as a matter of law 
 activities like those required by Brinsons employment from the possible legal 
 causes of carpal tunnel syndrome, for she merely found, as a factual determination, 
 that in this particular case a much more likely cause was Brinsons twenty year 
 needlework hobby.   This was solely a factual determination of whether there 
 was any causal connection between Brinsons employment and her injury.  See 
 Sharpe, 336 S.C. at 159-160, 519 S.E.2d at 105.  
Since the decision to deny 
 Brinson compensation was determined exclusively on the factual issue of causation, 
 we have only to determine whether substantial evidence supports the ruling.  
 We find substantial evidence exists on record to find Brinsons carpal tunnel 
 syndrome is not the result of an injury by accident arising out of and in the 
 course of her employment.  As discussed above, the commissioner heard evidence 
 of two possible causes of Brinsons injury, her employment and her needlepoint.  
 When evidence is in conflict, someone has to determine the true facts [and] 
 [t]hat chore is assigned to the Workers Compensation Commission.  Fair 
 v. Fluor Daniel, 309 S.C. 520, 521, 424 S.E.2d 541, 542 (Ct. App. 1992).  
 Given the testimony of the chiropractor that either activity could have caused 
 Brinsons injury, Brinsons testimony as to her needlework, and the non-specific 
 descriptions of her work-related activities, there was substantial evidence 
 to deny Brinson compensation.
Brinson also points out 
 on appeal that, even if her injuries were caused by the needlepoint, an accident 
 that accelerates or aggravates a preexisting condition is still compensable.  
 Brown v. R.L. Jordan Oil Co., 291 S.C. 272, 275, 353 S.E.2d 280, 282 
 (1987).   While this is a correct assertion, one must also note a condition 
 due solely to natural progression of a preexisting [injury] is not compensable.  
 Id.  Brinson did not raise the issue of aggravated injury at any level 
 below and offered no evidence on record as to the degree of possible aggravation 
 as opposed to natural progression.  She instead sought to gain full compensation 
 by arguing her injury was wholly caused by her employment with Lexington Medical 
 Center.  As such, the issue of aggravation is not preserved for our review.  
 See Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 
 543, 546 (2000) (It is well-settled that an issue cannot be raised for the 
 first time on appeal, but must have been raised to and ruled upon by the trial 
 court to be preserved for appellate review.).
In a claim for compensation brought under the Workers 
 Compensation Act, [t]he burden is on the claimant to prove such facts as will 
 render the injury compensable, and such an award must not be based on surmise, 
 conjecture or speculation.  Crosby v. Wal-Mart Store, Inc., 330 S.C. 
 489, 496, 499 S.E.2d 253, 257 (Ct. App. 1998).  Here, substantial evidence supports 
 the Commissions determination that Brinson failed to meet this burden.
For the foregoing reasons, the decision of the 
 circuit court is
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, JJ., concur.  
 

 
 
 [1] These duties included wiping off tables, dusting lamps, refilling 
 paper towels and soap dispensers, emptying trash, mopping floors, and cleaning 
 sinks and toilets.