THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
William Robert McDaniel,       
Respondent,
 
 
 

v.

 
 
 
South Carolina Department of Motor Vehicles,       
Appellant.
 
 
 

Appeal From Charleston County
Thomas L. Hughston, Circuit Court Judge

Unpublished Opinion No. 2004-UP-391
Submitted April 21, 2004  Filed June 
 21, 2004

REVERSED 

 
 
 
Senior Assistant General Counsel Patrick M. Teague, General 
 Counsel Frank L. Valenta; South Carolina Department of Motor Vehicles, of Columbia, 
 for Appellant.
Timothy Clay Kulp, of North Charleston, for Respondent.
 
 
 

PER CURIAM:  We reverse the trial courts ruling 
 reversing the administrative decision and ordering the South Carolina Department 
 of Motor Vehicles (DMV) to restore McDaniels drivers license.
FACTS
William McDaniel was arrested for driving under the influence of 
 alcohol.  After he was arrested, McDaniel was transported to the police station 
 where he was offered a DataMaster breath test. McDaniel refused to submit to 
 the breath test. As a result of refusing to take the breath test, McDaniels 
 drivers license was suspended for a period of 90 days pursuant to S.C. Code 
 Ann. § 56-5-2950. 
McDaniel requested an administrative 
 hearing through the DMV. After hearing the matter, the hearing officer sustained 
 the action taken by the DMV. McDaniel appealed the administrative decision to 
 the circuit court, which reversed the administrative hearing officers decision 
 finding that evidence presented at the hearing did not establish that McDaniel 
 was advised in writing of his rights enumerated in section 56-5-2950. The DMV 
 appeals the circuit courts ruling.
ISSUE
Did the trial court err by substituting its judgment for 
 that of the administrative agency on a question of fact when substantial evidence 
 existed to support the administrative decision?
STANDARD OF 
 REVIEW
The findings of an administrative agency are presumed 
 correct and will be set aside only if unsupported by substantial evidence. Kearse 
 v. State Health & Human Servs. Fin. Comm'n, 318 S.C. 198, 199, 456 S.E.2d 
 892, 893 (1995).  Substantial evidence is defined as such evidence as a reasonable 
 mind might accept as adequate to support a conclusion.  Lark v. Bi-Lo, Inc., 
 276 S.C. 130, 135, 276 S.E.2d 304, 307 (1981).  A court may not substitute its 
 judgment for that of an agency as to the weight of the evidence on questions 
 of fact unless the agency's findings are clearly erroneous in view of the reliable, 
 probative and substantial evidence on the whole record. Rodney v. Michelin 
 Tire Corp., 320 S.C. 515, 519, 466 S.E.2d 357, 359 (1996).
LAW/ANALYSIS
The DMV asserts the trial court exceeded its scope 
 of review when the trial court substituted its judgment regarding a question 
 of fact when there was substantial evidence in the record to support administrative 
 agencys findings.  We agree.  
Section 56-5-2950(a)(1) sets forth the procedures regarding 
 implied consent to testing for drugs or alcohol.  The statute mandates, in pertinent 
 part, that: 

No tests may be administered or samples obtained unless 
 the person has been informed in writing that:

 1)    he does not have to take the test 
 or give the samples, but that his privilege to drive must be suspended or denied 
 for at least ninety days if he refuses to submit to the tests and that his refusal 
 may be used against him in court;
 2)    his privilege to drive must be suspended 
 for at least thirty days if he takes the tests or gives the samples and has 
 an alcohol concentration of fifteen one-hundredths of one percent or more;
 3)    he has the right to have a qualified 
 person of his own choosing conduct additional independent tests at his expense;
 4)    he has the right to request an administrative 
 hearing within thirty days of the issuance of the notice of suspension; and
 5)    if he does not request an administrative 
 hearing or if his suspension is upheld at the administrative hearing, he must 
 enroll in an Alcohol and Drug Safety Action Program.

S.C. Code Ann. § 56-5-2950(a) (Supp. 2003).
In reviewing Officer Usrys testimony, we believe 
 there was substantial evidence to support the administrative officers ruling.  
 Officer Usry testified that she read the Implied Consent Rights form to McDaniel 
 and issued a copy of the rights to McDaniel prior to attempting to administer 
 the DataMaster test. Accordingly, McDaniel was advised, in writing of his rights 
 as they are enumerated in section 56-5-2950.  It is not required that the administrative 
 officer enumerate that each portion of the statute has been satisfied, only 
 that substantial evidence exist to support his decision.  Therefore, the trial 
 court erred in reversing the administrative officers decision.
CONCLUSION
For the forgoing reasons, the decision of the circuit 
 court is
REVERSED. 
GOOLSBY, BEATTY, and KITTREDGE, JJ., concur.