THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON 
 IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
James Michael Shuler,       
Respondent,
 
 
 

v.

 
 
 
South Carolina Department of Public Safety,       
Appellant.
 
 
 

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-411   
Submitted April 21, 2004  Filed June 24, 2004 

REVERSED

 
 
 
Patrick M. Teague, Senior  Asst. General Counsel, Frank L. Valenta, Jr., General 
 Counsel, SC Dept. of Motor Vehicles, of Columbia, for Appellant.
Timothy Clay Kulp, of N. Charleston, for Respondent.
 
 
 

PER CURIAM:  The circuit court reversed 
 the ruling of an administrative officer to suspend the license of James Schuler. 
 We reverse.
 
 FACTS
An officer for the Mount Pleasant Police Department 
 arrested Respondent James Schuler on June 15, 2002. A citizen observed a vehicle 
 driving erratically and called the officer; the officer made the same observation. 
 The officer stopped the car, approached the car, asked the driver for his license, 
 registration, and insurance. Respondent was the driver. The officer smelled 
 alcohol on Respondent. Respondent was unsteady and his speech was slurred. Respondent 
 admitted that he had drunk some alcohol that evening. 
The officer placed Respondent under arrest for 
 driving under the influence and transported him to the police department. There, 
 the officer asked Respondent to take a DataMaster test. The officer is a certified 
 DataMaster operator. The officer placed Respondent in the DataMaster room and 
 told Respondent he was being videotaped. The officer read and gave the 
 Advisement of Implied Consent Rights / Videotaping to Respondent. However, Respondent 
 refused to take the test and the machine registered a refusal. Accordingly, 
 Respondents driving license was suspended. 
Respondent requested an administrative hearing. 
 The administrative officer sustained the suspension. Respondent appealed to 
 the circuit court. The circuit court reversed, finding that to simply read Respondents 
 rights to him did not meet the statutory requirements under S.C. Code Ann. § 
 56-5-2950. SCDPS appeals.
ISSUE  
Did the trial court err by reversing the ruling 
 of the administrative officer finding that there was no substantial evidence 
 to support it?  
LAW/ANALYSIS         
The findings of an administrative agency are presumed 
 correct and will be set aside only if unsupported by substantial evidence. Kearse 
 v. State Health & Human Servs. Fin. Comm'n, 318 S.C. 198, 199, 456 S.E.2d 
 892, 893 (1995).  Substantial evidence is defined as such evidence as a reasonable 
 mind might accept as adequate to support a conclusion.  Lark v. Bi-Lo, Inc., 
 276 S.C. 130, 135, 276 S.E.2d 304, 307 (1981).  A court may not substitute its 
 judgment for that of an agency as to the weight of the evidence on questions 
 of fact unless the agency's findings are clearly erroneous in view of the reliable, 
 probative and substantial evidence on the whole record. Rodney v. Michelin 
 Tire Corp., 320 S.C. 515, 519, 466 S.E.2d 357, 359 (1996).                 
SCDPS asserts the trial court exceeded its scope of review 
 when the trial court substituted its judgment regarding a question of fact when 
 there was substantial evidence in the record to support administrative agencys 
 findings.  We agree.  
Section 56-5-2950(a)(1) sets forth the procedures regarding 
 implied consent to testing for drugs or alcohol.  The statute mandates, in pertinent 
 part, that: 

No tests may be administered or samples obtained unless 
 the person has been informed in writing that:

 1)    He does not have to take the test 
 or give the samples, but that his privilege to drive must be suspended or denied 
 for at least ninety days if he refuses to submit to the tests and that his refusal 
 may be used against him in court;
 2)    His privilege to drive must be suspended 
 for at least thirty days if he takes the tests or gives the samples and has 
 an alcohol concentration of fifteen one-hundredths of one percent or more;
 3)    He has the right to have a qualified 
 person of his own choosing conduct additional independent tests at his expense;
 4)    He has the right to request an administrative 
 hearing within thirty days of the issuance of the notice of suspension; and
 5)    If he does not request an administrative 
 hearing or if his suspension is upheld at the administrative hearing, he must 
 enroll in an Alcohol and Drug Safety Action Program.

S.C. Code Ann. § 56-5-2950(a) (Supp. 2003).
In reviewing the record, we believe there was substantial 
 evidence to support the administrative officers ruling.  The officer read the 
 Implied Consent Rights form to Respondent and gave a copy of the rights to Respondent 
 prior to attempting to administer the DataMaster test. Therefore, Respondent 
 was advised  in writing  of his rights as they are enumerated in section 56-5-2950.  
 It is not required that the administrative officer enumerate how each portion 
 of the statute has been satisfied, only that substantial evidence exist to support 
 his decision.  Therefore, the trial court erred in reversing the administrative 
 officers decision.
REVERSED.
GOOLSBY, HOWARD, and BEATTY, JJ., concur.