618 S.E.2d 307

**Luther ALEXANDER, Respondent,**

**v.**

**FORKLIFTS UNLIMITED, Employer, Zurich American Insurance Company, Carrier, Appellants.**

**No. 4000.**

Court of Appeals of South Carolina.

Heard May 11, 2005.
Decided June 20, 2005.
Rehearing Denied Aug. 29, 2005.

510

Stephen L. Brown, Robert Gruber and Matthew K. Mahoney, all of Charleston, for Appellants.

Steven D. Haymond, of Columbia, for Respondent.

WILLIAMS, J.:

Forklifts Unlimited and Zurich American Insurance Company ("Appellants") appeal a circuit court order awarding benefits under the South Carolina Workers' Compensation Act. We reverse.

## FACTS / PROCEDURAL BACKGROUND

Luther Alexander was a forklift mechanic for Forklifts Unlimited. On March 8, 2002, he visited a client's plant to repair a large forklift. The repair required installing a forklift starter, which weighed approximately fifty pounds. This task required him to lift the heavy item in an awkward position.

While lifting the starter, Alexander felt a crack in his neck and heard a sound "like a rubber band snap[ping]." After finishing the job, he drove home, but began experiencing a headache. When Alexander awoke the next morning, he was suffering from a terrible headache and severe dizziness. He also noticed that one side of his face was numb and drooping. Alexander promptly phoned his father, who drove him to a nearby hospital.

The hospital staff referred Alexander to neurologist Dr. Allen Ryder–Cook, who determined that Alexander suffered a stroke inducing dissection of his right vertebral artery. Dr. Ryder–Cook also concluded that the arterial dissection was caused by the physical exertion of installing the forklift starter. Appellants sent Alexander to Dr. James L. Bumgarter for

an independent medical examination. Dr. Bumgarter agreed that Alexander suffered a stroke caused by an arterial tear. He concluded that it was quite plausible the tear was caused by Alexander's work activity on March 8.

Alexander filed a workers' compensation claim with the South Carolina Workers' Compensation Commission. The matter was first heard by the single commissioner, who found the arterial tear and resulting stroke were compensable under *Shealy v. Aiken County,* 341 S.C. 448, 535 S.E.2d 438 (2000), and South Carolina Code section 42-1-160 (1976). The ruling was then appealed to the Full Workers' Compensation Commission. The Full Commission found that Alexander's arterial dissection was, in fact, "an injury by accident arising out of and in the course and scope of the claimant's employment" and therefore compensable, but reversed the single commissioner on one important point. The Full Commission concluded that Alexander's stroke, although a direct result of the arterial tear, "was not caused by unusual or extraordinary conditions of employment or sudden and unexpected exertion or strain." This conclusion was supported, in the commission's view, by evidence that Alexander was familiar with the process of changing a forklift starter, knew that this forklift model had a particularly heavy starter, and commonly lifted items weighing between fifty and eighty pounds in the course of his employment. The Full Commission determined, therefore, that the stroke, viewed as a separate injury from the arterial tear, was not a compensable injury.

Both Alexander and his employer appealed the Full Commission's decision to the circuit court. The circuit court determined there was substantial evidence to support the commission's finding that Alexander's stroke was not the result of unexpected strain or overexertion in the performance of his duties or unusual and extraordinary conditions of employment. The court concluded, however, that because the stroke, according to the findings of the commission and the undisputed medical evidence in the record, was the direct result of an "accident" as contemplated by the Workers' Compensation Act, it was a compensable injury. This appeal followed.

## STANDARD OF REVIEW

The Administrative Procedures Act establishes our standard of review for decisions by the South Carolina Workers' Compensation Commission as the "substantial evidence" standard. *See Lark v. Bi-Lo, Inc.,* 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981). Pursuant to this standard, the factual findings of the Workers' Compensation Commission are presumed correct and will be set aside only if unsupported by substantial evidence. *Kearse v. State Health & Human Servs. Fin. Comm'n,* 318 S.C. 198, 200, 456 S.E.2d 892, 893 (1995). "Substantial evidence is not a mere scintilla of evidence nor evidence viewed from one side, but such evidence, when the whole record is considered, as would allow reasonable minds to reach the conclusion the Full Commission reached." *Shealy,* 341 S.C. at 455, 535 S.E.2d at 442. Accordingly, "[w]e can reverse or modify the Full Commission's decision in this case only if [Appellants'] substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record." *Id.* at 454–55, 535 S.E.2d at 442 (citing S.C.Code Ann. § 1–23–380(A)(6)(d), (e) (Supp. 1997)).

## LAW / ANALYSIS

Appellants contend the circuit court erred in reversing the Full Commission on the compensability of Alexander's stroke because the stroke was not brought on by sudden or unexpected strain or unusual and extraordinary conditions of employment. On the same grounds, they argue the court erred in affirming the Full Commission's ruling that Alexander's arterial tear was compensable. We reluctantly agree.

As an initial matter, we discuss the prudence of the Full Commission's factual determinations. The Full Commission perspicuously concluded that Alexander's employment conditions at the time of the stroke were not unusual or extraordinary and, at the time of the injury, his physical strain was neither sudden nor unexpected. The circuit court affirmed this factual determination as supported by substantial evidence in the record. Pursuant to our standard of review, we likewise affirm this finding. The Full Commission outlined

the evidence it relied upon in reaching this conclusion, citing both Alexander's testimony and that of his co-worker that he had replaced starters before, was familiar with the weight of this particular starter, and would routinely perform this kind of physical exertion in the course of a normal working day. While it may be possible to draw differing conclusions from the evidence in this case, the view of the Full Commission was certainly reachable by reasonable minds and supported by substantial evidence; thus, it must be affirmed. *See O'Banner v. Westinghouse Elec. Corp.*, 319 S.C. 24, 30, 459 S.E.2d 324, 327–28 (Ct.App.1995) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the commission's findings from being supported by substantial evidence."); *Fair v. Fluor Daniel*, 309 S.C. 520, 521, 424 S.E.2d 541, 542 (Ct.App.1992) ("When evidence is in conflict, someone has to determine the true facts. That chore is assigned to the Worker's Compensation Commission.").

■ The affirmation of this finding leaves this court with the following legal query: under South Carolina law, may a stroke, heart attack, or vascular injury be found compensable in certain circumstances when it is not induced by sudden and unexpected strain or extraordinary conditions of employment? After a thorough review of South Carolina case law applying the special "heart attack standard" for compensability, we must answer this question in the negative.

■ Simply put, a heart attack constitutes a compensable accident within the meaning of the Workers' Compensation Act *if* it is induced by unexpected strain or over-exertion in the performance of employment, or by unusual and extraordinary employment conditions. *Bridges v. Housing Auth., City of Charleston*, 278 S.C. 342, 344, 295 S.E.2d 872, 873–74 (1982). This special standard for determining compensability also applies to cerebral hemorrhages, apoplexy, or other injuries to the blood vessels. *Kearse v. South Carolina Wildlife Res. Dep't*, 236 S.C. 540, 546, 115 S.E.2d 183, 186–187 (1960); *Jennings v. Chambers Dev. Company*, 335 S.C. 249, 255, 516 S.E.2d 453, 456 (Ct.App.1999). Because we find no authority clearly expressing an exception to this general rule, we must reverse the circuit court's ruling that Alexander's stroke is compensable. Similarly, because the rule is applicable to vascular injuries as well as strokes and heart attacks, we

reverse the Full Commission's ruling that Alexander's underlying arterial dissection, viewed separately from the stroke, was a compensable injury. *See id.*

The circuit court based its finding of compensability on the fact that Alexander suffered a definite traumatic injury in the course of his employment. In short, the court found that since the medical evidence so clearly reflected a specific injury, which occurred as a result of his job and unmistakably caused his stroke, application of the heart attack standard would be imprudent.

The rationale of the circuit court is notably persuasive. The heart attack standard was established on the sound presumption that illness, injury, or death resulting from certain vascular calamities is "ordinarily the result of natural physiological causes rather than trauma or particular effort." *Price v. B.F. Shaw Co.*, 224 S.C. 89, 97, 77 S.E.2d 491, 494 (1953). Accordingly, it would be patently unfair to hold an employer liable for such injuries through our workers' compensation system based solely on the fact that the employee was at work when the stroke or heart attack occurred. However, when medical causation is so clearly established as a specific traumatic work-related injury, the purposes underlying the application of the heart attack standard are largely absent. The denial of compensation in these rare cases seems to us rather severe, perhaps leading to outcomes not anticipated by the proponents of the standard. This rationale is vaguely referenced in some early case law on the subject. *See, e.g., id.* at 98, 77 S.E.2d at 495 ("In every case decided by this Court, involving benefits under the [Workers'] Compensation Act resulting from heart conditions or other physiological bodily conditions in which award of benefits were adjudged, there was some unusual or extraordinary condition attached to the work environment, or unusual exertion and strain in the performance of the work, **or of course, a definite traumatic injury** . . . .) (emphasis added)."

Nevertheless, the requirement that a claimant show he was exposed to unusual and extraordinary conditions of employment or unexpected strain or overexertion to receive benefits for a heart attack, stroke, or vascular injury has been reiterated by our supreme court as recently as 2000. *See Shealy*, 341 S.C. at 457, 535 S.E.2d at 443. Because South Carolina law

does not currently clearly recognize an exception to the general heart attack standard when there is a definite traumatic injury arising in the course of one's employment and because our powers, as an intermediate appellate court, do not permit us to create one,[1] we reluctantly conclude the circuit court and Full Commission erred in finding any of Alexander's injuries compensable.

For the foregoing reasons, the circuit court's order is

**REVERSED.**

HEARN, C.J., and KITTREDGE, J., concur.

---

1. *See Lusk v. Callaham,* 287 S.C. 459, 462, 339 S.E.2d 156, 158 (Ct.App.1986) (citing *Bain v. Self Mem'l Hosp.,* 281 S.C. 138, 314 S.E.2d 603 (Ct.App.1984)).