**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Linda Griffin, Employee, Appellant,

v.

Senior Care, Inc., Employer, and, The PMA Insurance Group, Carrier, Respondents.

Appellate Case No. 2011-202729

———————————

Appeal from the Appellate Panel
South Carolina Workers' Compensation Commission

———————————

Unpublished Opinion No. 2012-UP-517
Submitted August 1, 2012 – Filed September 12, 2012

———————————

**AFFIRMED**

———————————

Steve Wukela, Jr., of Wukela Law Office, of Florence, for Appellant.

R. Daniel Addison, of Hedrick Gardner Kincheloe & Garofalo, LLP, of Columbia, for Respondent.

———————————

**PER CURIAM:** Linda Griffin (Employee) appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (Appellate Panel) awarding her permanent partial disability benefits. On appeal, Employee argues the Appellate Panel erred in (1) finding she reached maximum medical

improvement (MMI) on January 5, 2011; (2) finding she was not entitled to *Dodge*[1] medical benefits; (3) finding her psychological overlay was not causally-related to her back injury; and (4) violating her due process rights. We affirm.[2]

1. We find substantial evidence supports the Appellate Panel's finding Employee reached MMI on January 5, 2011. *See Hall v. United Rentals, Inc.*, 371 S.C. 69, 89, 636 S.E.2d 876, 887 (Ct. App. 2006) ("MMI is a factual determination left to the discretion of the [Appellate] [P]anel. It is not within our province to reverse findings of the [A]ppellate [P]anel which are supported by substantial evidence." (citation and quotation marks omitted)). Here, Dr. Rakesh Chokshi, Employee's treating physician for more than three years, determined on January 5, 2011, that Employee, who suffered from chronic back pain, had reached MMI. He also found that Employee "may need pain management long term." However, Dr. Chokshi never determined further medical treatment would lessen Employee's disability. *See id.* ("MMI is a term used to indicate that a person has reached such a plateau that, in the physician's opinion, no further medical care or treatment will lessen the period of impairment."). Accordingly, the Appellate Panel did not err.

2. We find the Appellate Panel properly denied Employee's request for continuing medical benefits. Employee offered no medical evidence stating to a reasonable degree of medical certainty that further medical treatment would lessen her period of disability. *See* S.C. Code Ann. § 42-15-60(A) (Supp. 2011) (providing "[t]he employer shall provide medical . . . treatment . . . for a period not exceeding ten weeks from the date of an injury, to effect a cure or give relief and for an additional time as in the judgment of the [Appellate Panel] will tend to *lessen the period of disability* as evidenced by expert medical evidence stated to a reasonable degree of medical certainty"); *see also Dodge*, 334 S.C. at 580, 514 S.E.2d at 596 ("[Section 42-15-60(A)] clearly allows the [Appellate Panel] to award medical benefits beyond [ten] weeks from the date of injury only where the [Appellate Panel] determines such medical treatment would tend to lessen the period of disability." (citation and quotation marks omitted)). In this case, the only medical evidence concerning future medical treatment is Dr. Chokshi's testimony that Employee "may" need long-term pain management. However, he never testified that continuing medical treatment would lessen her period of disability. Accordingly, the Appellate Panel did not err.

---

[1] *Dodge v. Bruccoli, Clark, Layman, Inc.*, 334 S.C. 574, 514 S.E.2d 593 (Ct. App. 1999).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

3.  We find the Appellate Panel did not err in finding Employee was not entitled to benefits for her psychological overlay of anxiety and depression.  Here, Employee offered no evidence her depression and anxiety were casually related to her back injury.  *See Bass v. Kenco Grp.*, 366 S.C. 450, 465, 622 S.E.2d 577, 584-85 (Ct. App. 2005) ("[A] mental injury induced by a physical injury is compensable. . . . A condition, which is induced by a physical injury, is thereby causally related to that injury.").  Furthermore, Dr. Janet Woolery, Employee's treating psychiatrist, noted Employee had several personal stressors in her life.  Moreover, Dr. Woolery made no finding that Employee's anxiety and depression were causally related to her back injury.  Accordingly, the Appellate Panel did not err.

4.  We find Employee did not preserve her due process argument for our review because she did not raise the issue to the Appellate Panel.  *See Henderson v. F & D Elec. Contractors*, 306 S.C. 256, 257 n.1, 411 S.E.2d 225, 226 n.1 (Ct. App. 1991) (finding an issue is not preserved for appellate review when it was not raised to or ruled upon by the Appellate Panel); *Bakala v. Bakala*, 352 S.C. 612, 625, 576 S.E.2d 156, 163 (2003) (finding any due process issues cannot be raised for the first time on appeal).  Accordingly, we affirm based on preservation.

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**